MICHAEL A. CAPPUCCIO & another[1] *vs.* ZONING BOARD OF
APPEALS OF SPENCER & another.[2]

Worcester. May 7, 1986. — August 21, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Zoning,* Notice, Jurisdiction, Appeal. *Jurisdiction,* Zoning appeal, Declara-
tory relief. *Practice, Civil,* Zoning appeal, Amendment, Declaratory
relief. *Notice. Due Process of Law,* Zoning appeal, Notice. *Words,*
"Interested parties, "Petitioner."

The term "petitioner," as used in G. L. c. 40A, §§ 11 and 15, in relation
to the "parties in interest" entitled to notice of a decision by a zoning
board of appeals, includes the owner of the land in question even in
cases in which the proceedings before the zoning board are initiated by
someone other than the owner. [306-309]
The ninety-day appeal period provided by G. L. c. 40A, § 17, applies only
to defects in procedure or notice "by publication, mailing or posting,"
required by the first paragraph of G. L. c. 40A, § 11, for public hearings
before a municipal zoning board of appeals, and not to defects in notice
in the mailing of the board's decision required by G. L. c. 40A, § 15.
[309-311]
Even though no notice of the decision of a municipal zoning board of
appeals was ever mailed to the owners of the parcel of land affected,
the Superior Court did not have jurisdiction of an appeal filed by the
owners twenty-one days after the filing of the board's decision, rather
than within twenty days as required by G. L. c. 40A, § 17. [311-312]
Although no notice of the decision of a municipal zoning board of appeals
was ever mailed to the owners of the parcel of land affected, and, on
appeal by the owners from the decision, summary judgment was entered
in the Superior Court in favor of the board, on the ground that the
owners' appeal, filed twenty-one days after the filing of the board's
decision with the town clerk, was untimely under G. L. c. 40A, § 17,
the owners, who had been represented by counsel at the hearing before
the board, were not thereby deprived of due process of law. [312-313]
In an action for judicial review of a decision by a municipal zoning board
of appeals, the judge properly denied the plaintiffs' motion for leave to

[1] Mary P. Cappuccio.

[2] Christine H. Vaudreuil was permitted to intervene in this action.

file an amended complaint, where neither of the additional counts proposed by the amendment could have relieved the plaintiffs of the consequences of untimely filing of their original complaint. [313-314]

CIVIL ACTION commenced in the Superior Court Department on May 8, 1985.

A motion for summary judgment was heard by *Robert V. Mulkern*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Barry A. Bachrach* for the plaintiffs.

*Roger J. Brunelle* (*Philip Feinzeig* with him) for the intervener.

*Mark I. Zarrow* for the defendant.

LYNCH, J. The plaintiffs are owners of a parcel of real estate known as "Sherwood Beach" on Thompson Pond Road in Spencer. In February, 1985, the intervener filed a petition with the zoning board of appeals of Spencer (board) alleging that the plaintiffs' use of Sherwood Beach as a concert site was an extension of a nonconforming use in violation of Spencer's zoning by-law.[3] After a hearing attended by Michael A. Cappuccio at which the plaintiffs were represented by counsel, the board filed with the town clerk on April 17, 1985, its decision, which stated that the plaintiff's use was an extension of a nonconforming use. On May 8, 1985, the plaintiffs filed a complaint in the Superior Court, appealing the board's decision. The judge granted the board's motion for summary judgment, ruling that there was no genuine issue of material fact, and that the board was entitled to judgment as a matter of law because the plaintiffs' appeal was not timely filed under

---

[3] Following oral argument before this court, the plaintiffs filed a memorandum and submissions, and expressed their belief that the board had jurisdiction to render its decision in the instant case. In her appeal to the board, the intervener alleges that she previously filed a similar petition with the building inspector/zoning officer of Spencer, requesting enforcement of the town's zoning by-law. The building inspector declined to rule on the matter due to a potential conflict of interest. These unchallenged facts provide the basis for the board's jurisdiction.

G. L. c. 40A, § 17 (1984 ed.). The judge also denied the
plaintiffs' motion to amend their complaint by adding two
counts. We granted the plaintiffs' application for direct review
and affirm.

General Laws c. 40A, § 17 (1984 ed.), provides in part that
"[a]ny person aggrieved by a decision of the board of appeals
. . . may appeal to the superior court department . . . by
bringing an action *within twenty days after the decision has
been filed* in the office of the city or town clerk" (emphasis
added). It is undisputed that the board filed its decision on
April 17, 1985,[4] and that the plaintiffs did not file their appeal
until May 8, twenty-one days after the filing of the board's
decision. It is also undisputed that no notice of the decision
was ever mailed to the plaintiffs. See G. L. c. 40A, § 15
(notice of the decision of the board of appeals "shall be mailed
forthwith" to designated individuals). The plaintiffs contend
that they are among the individuals enumerated in § 15 to
whom the board was required to mail notice of the decision.
Section 17 further provides that "[t]he foregoing remedy [ap-
peal within twenty days of the filing of the board's decision]
shall be exclusive, notwithstanding any defect of procedure or
of notice other than notice by publication, mailing or posting
as required by this chapter, and the validity of any action shall
not be questioned for matters relating to defects in procedure
or of notice in any other proceedings except with respect to
such publication, mailing or posting and then only by a proceed-
ing commenced within ninety days after the decision has been
filed . . . ." The plaintiffs primarily argue that the board's
failure to mail them a copy of the decision, as they allege § 15
requires, constituted a defect in mailing under § 17, that the
statute therefore provided them with the opportunity to chal-
lenge the board's action within ninety days, so that their
appeal was timely. The judge ruled instead that any appeal

---

[4] By their counsel, the plaintiffs conceded at oral argument before this
court that the board's decision was filed on April 17, 1985, although para-
graph 19 of their complaint alleges that the decision was in fact filed on
April 18 and that the plaintiffs were "improperly misl[ed]" to believe that
April 18 was the filing date. The plaintiffs do not argue this in their brief
and appear to have abandoned this contention on appeal.

which only challenges the factual or legal basis for a board's decision must be filed within twenty days, and that § 17's ninety-day appeal period refers to defects in notice for scheduled public hearings required by § 11, and not to the notice of decisions required by § 15. The intervener maintains that § 15 does not require that the plaintiffs be given notice of a decision by the board, and both the intervener and the board agree with the judge's construction of § 17's ninety-day extended appeal period.

We conclude that the plaintiffs as owners of the land affected are among the individuals entitled to be mailed notice of a decision under § 15. Section 15 provides that notice of the decision of the board "shall be mailed forthwith to the petitioner, applicant or appellant, to the parties in interest designated in section eleven, and to every person present at the hearing who requested that notice be sent to him and stated the address to which such notice was to be sent." Although the plaintiff Michael Cappuccio's affidavit states that he appeared in person at the hearing before the board, along with his son and counsel, he does not allege that he requested notice be sent to him. The intervener is therefore correct that the plaintiffs are not people "present . . . who requested notice" under § 15.

The intervener contends that as *she* filed the petition before the board, and as § 11 does not specifically include the property owner of the land affected by the petition before the board in the list of individuals who are "interested parties," the plaintiffs were not entitled to notice under § 15. The term "petitioner" as used in § 15 would include a landowner who comes before the board directly with a petition for a variance, see § 14 (3).[5] As the intervener had unsuccessfully sought enforcement of the zoning by-law by the building inspector-zoning officer of Spencer, see *supra* note 3, prior to coming before the board, she

---

[5] An individual who seeks a special permit upon which the board is empowered to act, is an "applicant" under § 15. See c. 40A, § 14 (2) (board is empowered to hear and decide *applications* for special permits). So probably is an individual seeking a permit under § 6 to extend a nonconforming use.

typifies the meaning of "appellant" under § 15. G. L. c. 40A, § 8 ("appeal to the permit granting authority . . . may be taken by any person aggrieved by reason of his inability to obtain . . . enforcement action from any administrative officer"). See c. 40A, § 14 (1) (board has power to hear and decide appeals in accordance with § 8). See also c. 40A, § 14 (4) (board empowered to hear and decide appeals from zoning adminis-trator's decisions "in accord with section 13 and this section"). "Interested parties" under § 11 means "the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner . . . ." The plaintiffs do not clearly fall within the meaning of "petitioner" as §§ 15 and 11 use the term, although it is plain that they are parties in interest according to the common understanding of that term. As the intervener herself rightly observes, it would be an "odd result [if] the statute requires notice to 'abutters to the abutters within three hundred feet of the property line of the petitioners,' but not to the owners of the land affected, if the owner is not himself the petitioner, applicant or appellant." The "practical as well as legal problems [which] may arise" if this result is compelled by statutory language, have been commented on in another context. Cf. *Neuhaus* v. *Building Inspector of Marlborough,* 11 Mass. App. Ct. 230, 234-235 (1981). The "petitioner" is mentioned twice in relation to those who are to be mailed notice of decision under § 15. In § 15 itself, the "petitioner" is explicitly listed as a person entitled to be mailed notice of the decision, and "petitioner" appears again in the list of individuals comprising "parties in interest" under § 11. We understand the term "petitioner" under § 11 to include the property owner of the land affected by the action of the board. The present case illustrates that this is the result logically in-tended by the Legislature. If the plaintiffs are included under the rubric of "petitioner" in § 11, then their abutters and certain other nearby landowners are "interested parties" under the sec-tion and are entitled to be sent notice of decision under § 15.[6]

---

[6] The individual who petitions for a zoning variance is a "petitioner" under § 15, and also under § 11, so that abutters to the site for which a

This is a proper and reasonable notice requirement.[7] If the "petitioner" in § 11 meant only an appellant, such as the intervener, who sought enforcement of the zoning ordinance, § 11's definition of "parties in interest" would be nonsensical. Abutters of the *enforcement seeker* would be entitled to be mailed notice under § 15, but not the owner or abutters of the land in question. Construing "petitioner" in § 11 as we do, we avoid this absurd result. See *Attorney Gen.* v. *School Comm. of Essex,* 387 Mass. 326, 336 (1982); *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n,* 385 Mass. 70, 79-80 (1982), citing *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.,* 371 Mass. 186, 190 (1976).

We next turn to consider the plaintiffs' contention that the board's failure to mail them notice of the decision constituted a defect of notice under § 17, and entitled them to a ninety-day appeal period. Compare *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield,* 394 Mass. 663, 668-670 (1985). Section 17 provides that "the *validity* of *any action* shall not be questioned *for matters* relating to defects . . . *of notice* in any other proceedings *except* with respect to . . . publication, mailing and posting . . . by a proceeding commenced within ninety days after the decision has been filed . . . but the parties shall have all rights of appeal and exception as in other equity cases" (emphasis added). The plain meaning of this language, see *Gurley* v. *Commonwealth,* 363 Mass. 595, 598 (1973), is that the ninety-day appeal period applies to actions alleging the invalidity of any action by the board due to certain defects in procedure or notice. For cases holding that certain defects in notice had deprived a board of appeals of jurisdiction to act, see, e.g., *Planning Bd. of Peabody* v. *Board of Appeals of*

---

variance is proposed, and certain other landowners in proximity, are "parties in interest" under § 11. This is a traditional and common sense definition of "parties in interest," and it is also logical that the Legislature would presume that they should be mailed notice of the decision under § 15.

[7] Under our reading of § 11, the petitioner for a variance is, under § 15, of course also entitled to notice of the public hearing concerning his land as one of the "parties in interest." This result is eminently sensible if not mandated by constitutional considerations.

*Peabody,* 358 Mass. 81, 83 (1970); *Lane* v. *Selectmen of Great Barrington,* 352 Mass. 523, 526 (1967); *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 414 (1966); *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 104 (1930); *Roman Catholic Archbishop* v. *Board of Appeal of Boston,* 268 Mass. 416, 418-419 (1929).

Prior to the insertion, by St. 1975, c. 808, of the language providing for a ninety-day appeal period to challenge the validity of board decisions on the basis of defective notice, the cognate provision to the current c. 40A, § 17, was G. L. c. 40A, § 21, as added by St. 1954, c. 368, § 2. Section 21 simply provided for a fifteen-day appeal period and that the "foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases." This court has invalidated actions of a board or similar body as without jurisdiction because the board failed to comply with certain notice requirements under c. 40A. The intervener argues that the ninety-day appeal period based on defects in procedure or notice was intended to limit such a challenge to the board's actions which previously had been subject to attack indefinitely. See *Lane* v. *Selectmen of Great Barrington, supra; Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 518-521 (1965). The legislative history of St. 1975, c. 808, demonstrates that the bill which initially proposed to add language similar to the present § 17 regarding challenges to board actions based on alleged defects in procedure or notice was entitled "An Act *limiting* the time to question board of appeals decisions by reason of defective notice or procedure" (emphasis added). 1974 House Doc. No. 773. Much of this bill's language was ultimately incorporated into the final act. We agree with the intervener that the foregoing suggests that the addition of the ninety-day appeal period language to the statute was not to enlarge the time for filing an appeal on the merits, but was intended to limit the time for filing a challenge to an action of a board on the ground that a defect in procedure or notice had deprived the board of jurisdiction over the matter.[8]

---

[8] The plaintiffs rely on the clause concluding the provision of a ninety-day appeal period in § 17, *"but* the parties shall have *all rights of appeal* and

The board and intervener argue that, in addition to being restricted to appeals challenging the validity of a board's action due to defective notice, the ninety-day appeal period in § 17 applies only to defects of procedure or notice "by publication, mailing or posting" for *public hearings* required by the first paragraph of c. 40A, § 11, and not to defects of notice in the mailing of the decision required by c. 40A, § 15. See *Massachusetts Bread Co.* v. *Brice,* 13 Mass. App. Ct. 1053, 1054 (1982). The judge so ruled and we agree. The clause concerning the ninety-day appeal period under § 17 refers to defects of notice by "publication, mailing or posting as required by this chapter," and to "such publication, mailing or posting." The words "publication, mailing or posting" are grouped as a unit in the clause. The first paragraph of § 11 regarding the notice to be given in "all cases where notice of a public hearing is required" is the only place in the chapter which groups together all three methods of notice: by publication, mailing or posting. Consequently, it is to defects in notice for public hearings under § 11 to which § 17 refers.

The plaintiffs' complaint alleges that the board's decision "is contrary to law, and unsupported in fact" and is "unreasonable and arbitrary." As their appeal concerns substantive claims and does not concern any defect in the notice for the public hearing, the plaintiffs were required under § 17 to bring the instant action within twenty days of the filing of the board's decision with the town clerk. That the plaintiffs failed to bring their appeal within this period is uncontested and the Superior Court judge was therefore without jurisdiction to entertain the appeal. See *O'Blenes* v. *Zoning Bd. of Appeals of Lynn,* 397

---

exception as in other equity cases," to support their contention that the extended period applies to appeals on the merits as well as those alleging lack of jurisdiction due to defective notice. A consideration of the clause in context reveals that the questioned language preserves the rights of parties in a trial court action. The clause immediately follows an explication of § 17's very specific procedures for a "person aggrieved by a decision of the board" to follow in order to appeal a decision or action of the board, and of the two applicable time limitation periods. "[*B*]*ut*" once an appeal to a trial court is taken, the *"parties" then* have "all rights of appeal and exception as in other equity cases" (emphasis added).

Mass. 555, 558 (1986), and cases cited. Timely commence-
ment of the appeal in the Superior Court is a condition of
maintaining it, "a condition sine qua non," and is a requirement
this court has "policed in the strongest way." *Pierce v. Board
of Appeals of Carver,* 369 Mass. 804, 808, 811 (1976). See
*Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 32-33
(1953).[9]

The plaintiffs contend that they have been deprived of "their
statutorily created right to appeal from a decision by an adminis-
trative body concerning their property, in violation of the Due
Process Clause of the United States Constitution and the Mas-
sachusetts [Declaration of Rights]," since the defendant board
never mailed the notice of the decision. We see no merit in
the argument that the plainiffs have been denied procedural
due process of law by our interpretation of G. L. c. 40A,
§§ 11, 15, 17.[10] "[N]otice reasonably calculated, under all
circumstances, to apprise interested parties of the pendency of
the action and afford them an opportunity to present their
objections," is an "elementary and fundamental requirement
of due process in any proceeding which is to be accorded
finality." *Mullane* v. *Central Hanover Bank & Trust Co.,* 339

---

[9] The plaintiffs do not argue that there is a genuine issue of material fact.
In view of our holding that the plaintiffs' appeal was properly dismissed
as unseasonably filed, and since the fact that they were not mailed a copy
of the decision did not relieve the plaintiffs of the twenty-day appeal period,
we agree with the judge that there was no genuine issue of material fact.
The facts necessary to our holding are uncontested; the date the decision
was filed with the clerk; the date the plaintiffs filed their appeal; and that
a copy of the decision was never sent to the plaintiffs.

[10] The board and intervener appear to concede that the plaintiffs possess
a property interest in the statutory right to appeal, sufficient to invoke the
protection of the due process clauses. Neither the board nor the intervener
has put before us argument on the issue. We will assume the plaintiffs have
a protectable property interest in the right to appeal. See *Cantrone* v.
*Massachusetts State Racing Comm'n,* 404 F. Supp. 765, 770 (D. Mass.
1975), citing *Goss* v. *Lopez,* 419 U.S. 565, 572-573 (1975). See also *Allen*
v. *Assessors of Granby,* 387 Mass. 117, 119-120 (1982). The plaintiffs
certainly have a legally protected property interest in their land, such that
an action by the board regarding the use of that land would significantly
affect their property. See *Mennonite Bd. of Missions* v. *Adams,* 462 U.S.
791, 798 (1983).

U.S. 306, 314 (1950). *Mennonite Bd. of Missions* v. *Adams,* 462 U.S. 791, 795 (1983). See *Commonwealth* v. *Olivo,* 369 Mass. 62, 68-69 (1975), and authorities collected (adequacy of notice for due process purposes is dependent on whether form of notice provided is reasonably calculated to give actual notice of proceedings and an opportunity to be heard). See also *Lotto* v. *Commonwealth,* 369 Mass. 775, 779 (1976). The plaintiffs allege no lack of notice regarding the hearing before the board concerning their property. In fact, they were represented at the hearing by counsel, plaintiff Michael Cappuccio was present, and the plaintiffs presented a witness (their son). The plaintiffs were clearly aware of the "pending" action, and presented their objections. Moreover, the plaintiffs were bound to take notice of the pertinent statutory requirements, such as the relevant appeal period under § 17, and the period under § 15 in which a board must make its decision. See *O'Blenes* v. *Zoning Bd. of Appeals of Lynn, supra* at 558-559. Under these circumstances, it is not a denial of due process to impose upon the plaintiffs the responsibility to inquire periodically of the town clerk whether the board's decision has been filed. Due process is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey* v. *Brewer,* 408 U.S. 471, 481 (1972). *Mathews* v. *Eldridge,* 424 U.S. 319, 334 (1976). See *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 24, cert. denied, 423 U.S. 929 (1975).

Finally, the plaintiffs challenge the judge's denial of their motion to file an amended complaint pursuant to Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), following his allowance of the defendants' motion for summary judgment. There was no error. By their amended complaint, the plaintiffs attempted to add two claims, counts II and III. The proposed count II sought a declaration under G. L. c. 231A of the plaintiffs' rights under the board's decision. The proposed count alleged that eight acres of their land had been used continuously for concerts for many years and that the board "did not and could not rule that the prior use of [this parcel for concerts] was unlawful or . . . has become unlawful." It stated that the board

based its decision on a finding that fifteen acres and a new access road had been cleared for future concerts. The plaintiffs argue that they merely seek "a construction of the meaning of the decision" to discover if it applies to the entire property or only the fifteen-acre parcel. Despite the plaintiffs' protestations to the contrary, count II seeks to challenge the substantive basis of the board's decision. The form of count II, as a declaratory judgment action, does not save it from being "an appeal within the meaning of G. L. c. 40A, § 17" attacking the decision on nonprocedural grounds. Such a claim must fail for the same reason as the initial complaint. See *Iodice* v. *Newton,* 397 Mass. 329, 334 (1986).

The proposed count III also seeks a declaratory judgment that the board's decision "is null and void." It alleges that, on June 18, 1984, well before the filing of the petition, a member of the board told the Spencer selectmen that she felt the use of the plaintiffs' land for concerts "was an extension of a non-conforming use." This statement allegedly evinces this board member's "predisposition" in the zoning matter "so that her decision was not fair and impartial as required by" art. 29 of the Declaration of Rights of the Massachusetts Constitution. It is alleged that the plaintiffs' counsel "did not become [aware] of this bias . . . until *sometime after"* the board filed its decision. Nothing is said concerning the plaintiffs' knowledge of this alleged bias and no allegation is made that this information was not acquired until after the appeal period had run.

The plaintiffs' complaint was properly dismissed for untimely filing, and the two proposed counts could not alleviate this defect and save the plaintiffs' case. Compare *Quimby* v. *Zoning Bd. of Appeals of Arlington,* 19 Mass. App. Ct. 1005, 1007 (1985). Although rule 15 (a) provides that leave to amend "shall be freely given when justice so requires," Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), broad discretion remains with the judge. Cf. *Castellucci* v. *United States Fidelity & Guar. Co.,* 372 Mass. 288, 291-292 (1977). We perceive no abuse of discretion in the circumstances of the instant case.

*Judgment affirmed.*