MANUEL KRAMER *vs.* ZONING BOARD OF APPEALS OF
SOMERVILLE & others.[1]

No. 04-P-293.

Middlesex. February 14, 2005. - November 29, 2005.

Present: LAURENCE, COHEN, & KATZMANN, JJ.

*Practice, Civil,* Motion to dismiss, Zoning appeal. *Zoning,* Special permit;
Board of appeals: jurisdiction, notice of hearing, Appeal. *Jurisdiction,*
Zoning. *Notice. Statute,* Construction. *Limitations, Statute of. Telecom-
munications Act.*

This court concluded that at least where there has been a complete failure of
notice to an abutter of property regarding a public hearing in advance of
the grant of a special permit pertaining to that property, the ninety-day
statute of limitations in G. L. c. 40A, § 17, which governs appeals from
the grant of special permits by persons aggrieved, should not be deemed to
run until the abutter has notice of the project to which he objects [190-195];
however, where the record in a civil action brought by a property owner
allegedly aggrieved by the construction of a wireless antenna facility on
property adjacent to his was not sufficiently developed as to whether the
defendant city and the defendant zoning board of appeals had provided
notice of such a public hearing by publication and posting, this court
remanded for further proceedings [195-196].

Nothing in the Telecommunications Act of 1966, 47 U.S.C. §§ 151 et seq.,
required dismissal of a civil action by a property owner alleging that a
city's zoning board of appeals failed to notify him of a public hearing in
advance of the grant of a special permit pertaining to property abutting his,
in violation of G. L. c. 40A, § 11. [196-197]

CIVIL ACTION commenced in the Superior Court Department on
May 20, 2003.

Motions to dismiss were heard by *Peter M. Lauriat,* J., and
entry of final judgment was ordered by *Margaret R. Hinkle,* J.

---

[1] City of Somerville; Nextel Communications; John Kovacs, individually
and as an agent of Nextel Communications; 88 Beacon Street Realty, Inc.;
Phil Privitera, individually and as controller of 88 Beacon Street Realty, Inc.;
and Greenman & Pedersen, Inc. Privitera and 88 Beacon Street Realty, Inc.,
took no part in the briefing of this appeal.

*Manuel Kramer*, pro se.

*Steven E. Grill*, of New Hampshire, for Nextel Communications & another.

*Matthew J. Buckley*, Assistant City Solicitor (*John G. Gannon*, City Solicitor, with him) for Zoning Board of Appeals of Somerville & another.

*A. Neil Hartzell* for Greenman & Pedersen, Inc.

KATZMANN, J. Manuel Kramer alleges that a wireless antenna facility (also referred to as the structure), constructed on a building adjacent to his, obstructed his skyline view and diminished his property value. Appearing pro se below and on appeal, he asserts that he received no notice from the zoning board of appeals of Somerville (board) of a public hearing at which he might have opposed the planned structure. The Superior Court judge dismissed Kramer's complaint for damages, as well as equitable and declaratory relief, on the ground that it was filed outside the statutory appeal period. We reverse the dismissal of Kramer's claims against the board and the city of Somerville (city) insofar as he seeks a hearing and attendant relief pursuant to G. L. c. 40A, § 17, and remand for further proceedings consistent with this opinion. We also reverse the judge's dismissal of the claims against the private defendants and remand for further consideration of those claims by the judge.

*Background.* When reviewing the dismissal of a complaint, we accept as true the allegations in the complaint, and draw all inferences in the plaintiff's favor. *Fairneny* v. *Savogran Co.*, 422 Mass. 469, 470 (1996).

On October 11, 2001, the board approved a special permit allowing Nextel Communications (Nextel) to construct a wireless antenna facility on the roof of an apartment building located at 88 Beacon Street in Somerville. The permit decision was filed on the same day in the office of the city clerk. The plaintiff's building, at 94 Beacon Street, abuts 88 Beacon Street. As alleged in the complaint, no notice of the board's public hearing on Nextel's application for a special permit was given to the sixty-four residents of the 94 Beacon Street condominium (including Kramer), the condominium trustees, the building superintendent, or the condominium management company. We

construe the complaint to assert that no form of notice of the hearing was ever given, whether by mail, publication or posting. Such notice was required under G. L. c. 40A, § 11.[2]

Kramer, the owner and occupant of a top-floor condominium unit at 94 Beacon Street, arose on May 4, 2003, to find roughly one-third of the view from his living room picture window blocked by the construction of the structure, about forty feet from his window, on the roof of the adjacent building, 88 Beacon Street.[3] The structure, a brick box, about twelve feet by twelve feet square and about ten feet high, blocked Kramer's direct view of the Somerville-Cambridge-Boston skyline.

Sixteen days after first seeing the Nextel structure, Kramer filed a pro se complaint in Superior Court against the board and the city. He alleged that neither he nor anyone else in his building had received notice of the public hearing the board conducted on Nextel's application for a special permit for construction of the structure as required by G. L. c. 40A, § 11. He also claimed a violation of his Federal due process rights, and requested a declaratory judgment to that effect. The Superior Court judge allowed Kramer to amend his complaint to include several additional defendants: Nextel, the permitee and owner of the structure; Philip Privitera, the controller of 88 Beacon Street, along with 88 Beacon Street Realty, Inc.; and Greenman & Pedersen, Inc., the contractor that built the structure (collectively referred to as the private defendants). Kramer alleged that the private defendants misrepresented various details of the project in order to secure the permit from the board, and that they timed construction so as to avoid any challenge from abutting property owners. As relief, Kramer sought an order directing that Nextel remove the structure, or in the alternative, compensatory damages for the injury he suffered, or "[a]ny

---

[2]Although Kramer does not specifically allege that the board failed to mail him a copy of its decision as required by G. L. c. 40A, § 9, this claim is implicit in his assertion that the appearance of the structure came as a "complete surprise and shock" to the residents of 94 Beacon Street. A copy of the board's decision was not included in the record appendix. While not in issue, we note that G. L. c. 40A, § 17, requires that a copy of the decision be attached to the complaint.

[3]The defendants do not dispute Kramer's account.

other appropriate judgment of declaratory relief in equity to make the plaintiff whole again."

Following the amendment of the complaint, Kramer served several of the defendants with interrogatories and requests for admissions. In response, the defendants filed motions to dismiss and requests for protective orders. Kramer opposed the motions for protective orders, and also filed a motion to "Determine Sufficiency of Objections to Request For Admission." The judge denied Kramer's motion and allowed the motions for protective orders, staying discovery until after a hearing on the motions to dismiss.

At the hearing on the motions to dismiss, and in their motions, the defendants collectively articulated three primary grounds for dismissal. First, the defendants contended that Kramer filed his case far too late to preserve a claim under c. 40A, since G. L. c. 40A, § 17, inserted by St. 1975, c. 808, § 3, requires challenges to decisions of a zoning board based upon defects in procedure or notice to be "commenced within ninety days after the decision has been filed in the office of the city or town clerk." Kramer commenced his action on May 20, 2003, more than one and one-half years after the board's decision was filed in the city clerk's office. Second, they argued that no declaratory judgment should issue regarding Kramer's due process rights because the Fourteenth Amendment to the United States Constitution has "never been read to grant a constitutional right to be heard with respect to the uses of land that might be authorized on someone else's property." Third, the defendants claimed that, in any event, Kramer had no standing under G. L. c. 40A, and that the Telecommunications Act of 1996, 47 U.S.C. §§ 151 et seq. (TCA), prevented the board from denying Nextel's permit based solely upon Kramer's concerns, and thus he could show no prejudice. Finally, Greenman & Pederson, Inc., argued that the allegations in Kramer's complaint failed to state claims of conspiracy or misrepresentation. The judge ruled that the court had no jurisdiction to consider a claim under § 17 after the ninety-day statutory appeals period, and that Kramer had no standing under the Fourteenth Amendment because he had not established a protected property interest. The judge dismissed the complaint against all defendants.

*Discussion.* 1. *Jurisdiction.* The central question in this appeal is whether the Superior Court was without jurisdiction to hear Kramer's appeal solely because he failed to appeal within the statutory ninety-day period — even though, accepting as true the allegations in the complaint, the board failed to provide any notice of the hearing as required by G. L. c. 40A, § 11, and Kramer had no practical way of knowing of the hearing, or of the filing of the special permit. The defendants urge us to uphold the judge's determination that Kramer is without recourse under the statute because he failed to file his claim within the statutorily prescribed ninety-day period.

We begin with some observations about the statutory zoning scheme. That scheme provides that upon application for a special permit filed with the special permit granting authority (such as the board), the authority "shall hold a public hearing, for which notice has been given as provided in section eleven." G. L. c. 40A, § 9, inserted by St. 1987, c. 498, § 1. The public hearing provides an "opportunity for interested persons to appear and express their views pro and con." *Milton Commons Assocs.* v. *Board of Appeals of Milton,* 14 Mass. App. Ct. 111, 114-115 (1982) (citation omitted). Section 11 requires that "[i]n all cases where notice of a public hearing is required notice shall be given by publication in a newspaper . . . and by posting such notice in a conspicuous place in the city or town hall. . . . [and] by mail, postage prepaid" to parties in interest, including abutters. G. L. c. 40A, § 11, inserted by St. 1975, c. 808, § 3. This notice must be provided by the board or its agent, and the task of providing it cannot be delegated to the interested petitioner. See *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 102-103 (1930); *Planning Bd. of Peabody* v. *Board of Appeals of Peabody,* 358 Mass. 81, 83 (1970) (notice mailed by petitioner's legal counsel invalid). After a decision is reached, the granting authority is required to file a copy of the decision with the city or town clerk, G. L. c. 40A, § 9, and to provide notice of the decision to parties in interest, such as abutters. *Ibid.* See G. L. c. 40A, § 11.

The mechanism for appeal and judicial review of a special permit is set forth in G. L. c. 40A, § 17, the statute which is at the heart of this dispute. In relevant part, that statute provides:

"Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . may appeal to . . . the superior court. . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk.

". . .

"The foregoing remedy shall be exclusive, notwithstanding any defect of procedure or of notice other than notice by publication, mailing or posting as required by this chapter, and the validity of any action shall not be questioned for matters relating to defects in procedure or of notice in any other proceedings except with respect to such publication, mailing or posting and then only by a proceeding commenced within ninety days after the decision has been filed in the office of the city or town clerk, but the parties shall have all rights of appeal and exception as in other equity cases."

As noted, § 17 provides for a time limit of twenty days to appeal after a special permit has been filed in the office of the city or town clerk.[4] A longer period (or ninety days) applies, however, to appeals based on defects in procedure, including notice.

The judge's dismissal of Kramer's complaint on the ground that the appeal was filed after the termination of the ninety-day appeal period raises a question of statutory construction.[5] To answer that question we closely examine the statute in light of the standard principles that statutes are to be interpreted in a commonsense way which is consistent with the statutory

[4]See also G. L. c. 40A, § 11 ("No . . . special permit . . . shall take effect until a copy of the decision bearing the certification of the city or town clerk that twenty days have elapsed after the decision has been filed in the office of the city or town clerk and no appeal has been filed . . . is recorded in the registry of deeds").

[5]As an abutter, Kramer had a rebuttable presumption of standing under G. L. c. 40A, § 17. See *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 721 (1996). Having asserted a diminution in property value, which was not rebutted by the defendants, Kramer appropriately survived the defendants' challenge to his standing, at least in the preliminary posture of this case. See *Standerwick* v. *Zoning Board of Appeals of Andover*, 64 Mass. App. Ct. 337, 341-342 (2005).

scheme, and in a way which avoids constitutional issues. In interpreting § 17,

> "we look first to the language of the statute. '[S]tatutory language is the principal source of the insight into legislative purpose.' *Local 589, Amalgamated Transit Union* v. *Massachusetts Bay Transp. Auth.*, 392 Mass. 407, 415 (1984). When the words of a statute are clear, they are to be given their ordinary and natural meanings. If the meanings are unclear, the statute must be interpreted 'according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' *Telesetsky* v. *Wight*, 395 Mass. 868, 872 (1985). In addition, 'a statute should be read as a whole to produce an internal consistency.' [*Id.* at 873.]"

*Adoption of Marlene*, 443 Mass. 494, 497-498 (2005) (additional citations omitted). Moreover, "[w]here the draftsmanship of a statute is faulty or lacks precision, it is our duty to give the statute a reasonable construction." *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 622 (1983), quoting from *School Comm. of Greenfield* v. *Greenfield Educ. Assn.*, 385 Mass. 70, 79-80 (1982). Courts also have a duty to "view[] the statutory scheme as a whole; and [to] avoid[] a construction which would negate legislative intent or defeat its intended utility." *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. at 116-117 (citations omitted). See generally *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. 282, 286 (1996).

A critical feature of the statutory zoning scheme is the opportunity for interested parties to be heard regarding applications for special permits. The design of the zoning law requires "such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification." *Rousseau* v. *Building Inspector of Framingham*, 349 Mass. 31, 36-37 (1965), quoting from *Kane* v. *Board of Appeals of Medford*, 273 Mass. at 104. The statutes

of limitation for judicial review of special permit decisions — whether twenty days, or ninety days where there has been a defect in notice — exist to promote finality and to preclude attacks indefinitely on decisions which have already been tested in the hearing process. See *Cappuccio* v. *Zoning Bd. of Appeals of Spencer*, 398 Mass. 304, 310 (1986) (*Cappuccio*). Those limitations are not designed to foreclose access to judicial review when there has been a total failure of notice to one such as Kramer, who was entitled to receive it.

We can attribute to the Legislature the expectation that municipal officials would in fact discharge their obligations under G. L. c. 40A, § 11, regarding notice, that is, in a way that is consistent with presumptions of regularity and good faith. See *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn*, 32 Mass. App. Ct. 319, 326 (1992). To adopt the defendants' construction, however, would be to accept the interpretation that the Legislature and the statute countenance complete failure — whether by inadvertence or design — by a city and zoning board to give, in any form, the statutory notice they are obligated to provide, and upon which the public hearing process fundamentally depends. Such an interpretation would effectively nullify the requirement to notify abutters of public hearings because a failure to comply with it would entail no consequences, as long as the abutters remained unaware of the issuance of the permit until the expiration of the appeal period. Such an interpretation, moreover, would produce the nonsensical result that an abutter provided with less than perfect notice of a hearing would have access to judicial review, at least within ninety days, while one who suffered the more grievous injury of total absence of notice would be foreclosed from obtaining judicial review. See *Cappuccio*, 398 Mass. at 309 (statute should be construed to avoid absurd result). Any such interpretation of the statutory appeals provisions would be "unreasonable." See *Chiuccariello* v. *Building Commr. of Boston*, 29 Mass. App. Ct. 482, 487 (1990) (*Chiuccariello*). See also *Rinaldi* v. *State Bldg. Code Appeals Bd.*, 56 Mass. App. Ct. 668, 673-674 (2002) (lack of any notice fails test of "reasonable notice" under G. L. c. 30A, § 11).

Accordingly, we conclude that, at least where there has been a complete failure of notice of a public hearing in advance of

the granting of a special permit, the ninety-day limitation in G. L. c. 40A, § 17, should not be deemed to run until the abutter has notice of the project to which he objects. This interpretation is consistent with the statutory scheme, which provides both that interested parties may be heard, and that the board decisions should not be challenged indefinitely. See *Cappuccio*, 398 Mass. at 312, quoting from *Pierce* v. *Board of Appeals of Carver*, 369 Mass. 804, 808 (1976) (timely commencement of appeal to Superior Court is "a requirement [the Supreme Judicial Court] has policed in the strongest way"). It also comports with our duty to construe statutes so as to avoid constitutional questions, see *Commonwealth* v. *Perry P.*, 418 Mass. 808, 812 (1994), such as whether the deprivation of the statutorily created right to appeal violates the due process clause.[6] See *Cappuccio*, 398 Mass. at 312 n.10.

The defendants point to several cases in which aggrieved parties claimed they did not receive the statutorily required notice by mail, but dismissal of their claims was nonetheless upheld for failure to appeal within the statutorily prescribed period. See *Cappuccio*, 398 Mass. at 314; *Kasper* v. *Board of Appeals of Watertown*, 3 Mass. App. Ct. 251, 254-256 (1975) (*Kasper*); *Chiuccariello*, 29 Mass. App. Ct. at 486. The instant case poses a far different problem from those cited, however. In each of those cases, the aggrieved party eventually received some sort of notice that either permitted him to appear at the hearing or to appeal within the ninety-day window.[7] Kramer, on the other hand, received no notice whatsoever of the board's public hearing, but appealed almost as soon as he became aware of the

---

[6]We express no opinion on the viability of such a constitutional argument.

[7]In both *Cappuccio* and *Kasper*, the appellants appeared at the very hearings about which they claimed the town failed to mail them notice; thus, there was no need for the court to consider whether the statute should have been tolled. See *Cappuccio*, 398 Mass. at 313; *Kasper*, 3 Mass. App. Ct. at 257. In *Chiuccariello*, the Superior Court judge did toll the statute. See *Chiuccariello*, 29 Mass. App. Ct. at 485-486. We note that *Chiuccariello* was decided under the Boston zoning ordinance (and the Boston zoning enabling act), which at that time did not appear to have a specific provision for limitation of appeals based on a defect in notice. *Kasper*, cited in *Chiuccariello*, was decided under a prior version of G. L. c. 40A, which did not include a statute of limitations for appeals based on defect in notice. However, the analysis in those cases is relevant to our discussion.

structure which is the subject of his grievance. Compare *Chiuccariello*, 29 Mass. App. Ct. at 487 (abutters failed "to pursue any action for six months after actual knowledge of the developers' activities"). In other words, in each of the cases cited by the defendants, the aggrieved party could have complied with the statute, whereas here, it is difficult to see how Kramer could possibly have complied. The situation in which Kramer was put distinguishes this case from those relied on by the defendants, and mandates a different outcome.[8]

The reasoning and spirit of the case law buttress our conclusion that where no notice has been provided under G. L. c. 40 A, § 17, the ninety-day statute of limitations does not begin to run until the aggrieved party becomes aware of the project to which he objects. Kramer has alleged that he was provided with no notice of any kind. The city and board appear to concede this point on appeal.[9] The record before us is not sufficiently developed, however, as to whether the city and board failed to provide Kramer not only with mailed notice, but also notice by publication and posting. Not every decision of an administrative board need be invalidated for the board's failure to comply precisely with the statutory notice requirements of G. L. c. 40A, § 17. *Chiuccariello*, 29 Mass. App. Ct. at 486, quoting from *Kasper*, 3 Mass. App. Ct. at 256. A more flexible rule has been applied in situations where a municipal body failed to deliver notice precisely as required by statute, but still provided notice adequate to allow abutters to attend the hearing. See *Kasper, supra* at 256; *Chiuccariello, supra* at 486. Accordingly, on remand the Superior Court judge should determine whether the board

---

[8]The total absence of notice of the hearing or the decision distinguishes Kramer's situation from that in *Cappuccio*, 398 Mass. at 306. There the court ruled that the failure to provide notice by mail of the board's decision was not fatal because (unlike in Kramer's case), the plaintiffs were present at the hearing and were aware of the pending action. *Id.* at 313. They could thus have inquired whether the board's decision had been filed, and then brought a timely appeal. *Ibid.* We note that cases of this sort — involving (as we must take the instant factual situation to be) lack of notice of any kind — are unlikely to arise in such a way as to threaten the interests of finality and predictability reflected in § 17, given the relative ease of effecting the requisite notice required by § 11 and the self-interest of the permit seeker in monitoring the board's discharge of its notice obligations.

[9]They acknowledge that Kramer "makes a sound argument that the lack of notice precluded him from presenting his case."

provided any other form of statutory notice. If no notice sufficient to meet the statutory requirements was provided, the board must hold a new hearing.[10]

2. *Telecommunications act.* The defendants argue alternatively that notwithstanding the defects in notice under G. L. c. 40A, § 17, Kramer cannot show that he was prejudiced by his inability to attend the hearing because Nextel's project is consistent with the TCA, and the TCA requires dismissal of Kramer's claim.[11] Essentially, the defendants assert that Kramer's "aesthetic concerns" do not qualify as "substantial evidence" under the TCA as matter of law.[12] Therefore, they argue, there is no reason to order the board to reopen hearings at the administrative level, because "Kramer's aesthetic concerns, no matter how valid, would not be sufficient" as a basis on which to deny Nextel's application. This argument sweeps too broadly and is not persuasive.

The defendants ignore the fact that there is a continuum of possible outcomes at a hearing on a special permit, ranging from the simple grant of the permit to its outright denial. Participation in the hearing by Kramer and other abutters could

---

[10]In light of this result, we do not reach the argument of Greenman & Pederson, Inc., that Kramer has not alleged sufficient facts to support his other claims of conspiracy and misrepresentation. Kramer's claims — that the private defendants misrepresented facts to the board in order to get the permit, and then delayed construction until after the statutory appeals period had expired — were not reached by the motion judge. They may be addressed on remand.

We likewise do not address Kramer's arguments regarding the regulation of discovery requests against the private defendants. We note, however, that there was no abuse of discretion in the grant of a protective order to limit potentially expensive and time consuming discovery before the judge had ruled on the motions to dismiss. See, e.g., *E.A. Miller, Inc.* v. *South Shore Bank*, 405 Mass. 95, 99-100, 102 (1989). Nor was it an abuse of discretion to deny Kramer's motion, pursuant to Mass.R.Civ.P. 36(a), 365 Mass. 795 (1974), which requested that the board and the city admit or deny the substance of statements made by a nonparty "to the best of [his memory]."

[11]The judge did not reach this issue in his order. We comment briefly, however, as the parties have fully briefed and argued it, and it could arise on remand.

[12]The TCA prohibits municipalities from denying permission to construct wireless service facilities unless the denial is in writing and supported by substantial evidence. See 47 U.S.C. § 332(c)(7)(B)(iii). For a discussion of the enactment and function of the TCA, see *Roberts* v. *Southwestern Bell Mobile Sys., Inc.*, 429 Mass. 478, 480-482 (1999).

have resulted in any number of conditions being placed on the grant of the permit. They could, for example, have persuaded the board to require alteration of the location or design of the structure. Although the courts in several cases cited by the defendants conclude that the particular "aesthetic" concerns raised by the plaintiffs were insufficient to be considered "substantial evidence" under the TCA, those cases also demonstrate that the inquiry is a fact-intensive one. See, e.g., *Nextel Communications of the Mid-Atlantic, Inc.* v. *Manchester-By-The-Sea*, 115 F. Supp. 2d 65, 66-67 (D. Mass. 2000), and cases cited; *Sprint Spectrum, L.P.* v. *Charter Township of Bloomfield*, 141 F. Supp. 2d 795, 798-800 (E.D. Mich. 2001), and cases cited. In sum, the defendants cannot draw support from the TCA to argue that Kramer was not prejudiced by his lack of notice of the hearing.[13]

3. *Conclusion.* The judgment granting the motions to dismiss is reversed, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.[14]

*So ordered.*

---

[13]Having concluded that depending on the findings on remand, Kramer may be entitled to a hearing under G. L. c. 40A, § 17, we need not address the judge's determination that Kramer's obstructed view from his condominium does not constitute a deprivation of a cognizable property interest sufficient to mandate a hearing under the due process clause of the Fourteenth Amendment.

[14]The plaintiff's request that the judge who ordered the dismissal of his complaint be disqualified from further participation in the case is denied.