Agnes, Peter W., J.
The plaintiffs Eleonora Lecei & others (“Plaintiffs”) seek judicial review of a decision by the Planning Board of the Town of Lunenburg (the “Planning Board”) which granted defendants Northeast Wireless Service, LLC and Omnipoint Communications, Inc. (“Defendants”) a special permit to build a wireless communication facility.
The defendants have filed a Motion to Dismiss on the grounds that (1) the court lacks jurisdiction to hear the appeal because the plaintiffs did not comply with the notification procedures of G.L.c. 40A, §17, (2) the plaintiffs are not “persons aggrieved” as defined by G.L.c. 40A, §17, and (3) the plaintiffs have failed to state a claim upon which relief can be granted.
BACKGROUND
The following facts are drawn from the record and do not appear to be in dispute. On or about October 25, 2006 the defendants filed an application with the Planning Board seeking a special permit pursuant to the Protective Bylaw of the Town of Lunenburg for the purpose of installing, operating, and maintaining a wireless communication facility at 270 Electric Avenue, Lunenburg. The Planning Board published legal notices of the hearing on the defendants’ application on November 13, 2006 and November 20, 2006; held hearings on November 27, 2006, January 8, 2007, and February 12, 2007; and voted on February 26, 2007 to grant the defendants a special permit to construct a wireless communication tower with one antenna. On February 27, 2007 the Planning Board filed its written decisions granting the special permit with the Town Clerk of Lunenburg.
The plaintiff abutters David and Jennifer Wuorinen, Michael Lazuka, and Velta Lyons claim that they received no written notice of the hearings and that they heard about Planning Board’s decision from a neighbor during the second week of March. The plaintiffs filed their appeal with the court on March 16, 2007, but did not file it with the Town Clerk within twenty days of the Planning Board’s decision.
DISCUSSION
1. Plaintiffs Failed to Comply with the Notification Procedures of G.L.c. 40A, §17
The defendants argue that because the plaintiffs failed to file their appeal with the town clerk in a timely manner, this court lacks jurisdiction over this matter and should dismiss it. The notification procedure in G.L.c. 40A, §17 mandates that an appeal ofaPlanning Board’s decision must be filed with the court and with the town clerk within twenty days of the decision. A long line of cases stands for the proposition that the court lacks jurisdiction over appeals filed in an untimely fashion. Bingham v. City Council of Fitchburg, 52 Mass.App.Ct. 566, 568-69 (2001). See O’Blenes v. Zoning Bd. of Appeals, 397 Mass. 555, 557-58 (1986); Lincoln v. Board of Appeals of Framingham, 346 Mass. 418, 420 (1963); Costello v. Board of Appeals, 3 Mass.App.Ct. 441, 442-43 (1975). In particular the cases note that “receipt of notice by the town clerk is a jurisdictional requisite for an action under G.L.c. 40A, §17, which the courts have ‘policed in the strongest way,’ Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808 (1976), and ‘given strict enforcement,’ O’Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986).” Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass.App.Ct. 319, 322-23 (1992). See also Rubin v. Morrone, Worcester Superior Court No. 061997-A (Jan. 30, 2007) [22 Mass. L. Rptr. 57).
The plaintiffs contend that the failure to provide mailed notice of the hearing to the plaintiffs abutting 270 Electric Avenue resulted in a ninety-day extension period to file an appeal, and therefore, they filed their appeal in a timely manner. Under G.L.c. 40A, §17 abutters to the petitioner and abutters to the abutters within three hundred feet of the property line of the petitioner are entitled to mailed notice of the public hearing on the petitioner’s application. Additionally, G.L.c. 40A, §17 provides that defects in mailing notice to those entitled to it can result in an extension of the filing period from tweniy to ninety days after the decision of the Planning Board. The case law demonstrates that in order for plaintiffs to avail themselves of the extension period, they must show prejudice as a result of the defective notice. Kasper v. Board of Appeals of Watertown, 3 Mass.App. 251, 257 (1975). “Successful attack on a board’s decision, in the face of actual notice but in the absence of statutorily required notice, should be restricted to circumstances where prejudice is demonstrated.” Chiuccariello v. Building Comm’rs of Boston, 29 Mass.App.Ct. 482, 486 *214 (1990). In the case at hand, the plaintiffs received actual notice several days after the Planning Board made its decision. They retained counsel and filed an appeal in court seventeen days after the decision, which would have been timely were it not for their failure to deliver a copy of the appeal to the town clerk. As such, it does not appear the plaintiffs experienced any prejudice as a result of the defective notice.
The plaintiffs rely on Kramer v. Zoning Board of Appeals of Somerville, 65 Mass.App.Ct. 186 (2005), to support their contention that the ninety-day extension period applies to them; however, the circumstances in Kramer which prompted the court to forgive the late filing of an appeal are not present in this case. In Kramer, the plaintiff appealed a decision of the zoning board, which granted a special permit to Nextel Communications for the purpose of building a wireless antenna facility almost a year and a half after the zoning board made the decision. Id. at 187. The plaintiff, whose property abutted the site of the wireless facility, did not receive notice of the public hearing on Nextel’s petition via mail or publication. Id. at 188. The court stated that the filing deadlines for appeals “are not designed to foreclose access to judicial review when there has been a total failure of notice to one [such as Kramer,] who was entitled to receive it.” Id. at 193. In overturning the dismissal of Kramer’s complaint, the court held that in situations where plaintiff abutters receive no notice of a public hearing before the granting of a special permit, the nineiy-day period to file an appeal does not begin to run until the abutter has notice of the petition. Id. at 193-94.
The details of this case, however, are not analogous to those in Kramer. Here, the plaintiffs received notice of the Planning Board’s decision shortly after it was filed in the clerk’s office, and they had time to retain counsel, draft a complaint, and file it with the court before the twenty-day filing deadline. On the other hand, the first time Kramer received notice of the wireless tower occurred when he saw the structure outside of his apartment window, almost a year and a half after the decision. Kramer, 65 Mass.App.Ct. at 188. He received no notice, whether by mail, publication, or word of mouth and therefore had no opportunity to file a timely appeal. Id. Because the plaintiffs in this case had actual notice of the Planning Board’s decision before the twenly-day filing deadline and were not prejudiced by the defective notice, the holding of Kramer is not applicable. The plaintiffs’ failure to file their appeal with the Lunenburg town clerk within twenty days of the decision by the Planning Board is fatal to their claim, and it must be dismissed.
2. Plaintiffs Lack Standing under G.L.c. 40A, §17
Even if the plaintiffs had filed their appeal with the clerk in a timely manner, their claim would fail because they lack standing. This court has jurisdiction to hear a zoning appeal brought only by a person with standing, defined by statute as a “person aggrieved” by a board’s decision. G.L.c. 40A, §17; Watros v. Greater Lynn Mental Health & Retardation Ass’n, 421 Mass. 106, 107 (1995). People entitled to notice of public hearings under G.L.c. 40A, §11 are presumed to be “aggrieved persons” under G.L.c. 40A, §17. Marotta v. Board of Appeals of Revere, 336 Mass. 199, 204 (1957). This presumption, however, is rebuttable and if an opponent challenges the issue of standing, the complainant must prove aggrievement upon “all the evidence.” Id.; See Sweenie v. Planning Board of Groton, 69 Mass.App.Ct. 477, 482 (2007). As the Appeals Court recently explained in Central St. v. Zoning Bd. of Appeals of Hudson, 69 Mass.App.Ct. 487, 492 (2007) (quotations and citations omitted),
[A] plaintiff is not required to prove by a preponderance of the evidence that [its] claims of particularized or special injury are true. Rather, the plaintiff must put forth credible evidence that substantiates its claims. Evidence is credible if it providefs] specific factual support for each of the claims of particularized injury the plaintiff has made . . . [and is] of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board’s action.
Mindful of the distinction between proof of standing and success on the merits, the plaintiffs have not established that they are “persons aggrieved” by the Planning Board’s decision. There is no evidentiary support for the plaintiffs’ claim of personal injury. While the plaintiffs alleged in their Complaint that the structure might house more antennae in the future and thus become a visual intrusion, this sort of speculative harm is not enough to confer standing. The case law makes it clear that general public concerns and apprehension about possible aesthetic impairments are not sufficient to establish standing. Harvard Square Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass.App.Ct. 491, 493 (1989); See Barvenik v. Board of Aldermen, 33 Mass.App.Ct. 129, 132-33 (1992). “[M]atters essentially involving the expression of aesthetic views and speculative opinions, do not establish a plausible claim of a definite violation of a private right, properly interest, or legal interest sufficient to bring any of the plaintiffs within the zone of standing.” Harvard Square Defense Fund, Inc v. Planning Bd. of Cambridge, 27 Mass.App.Ct. at 493. Contrast, Central St., supra (trial judge erred in disregarding “credible evidence” that proposed changes would diminish property values); Sweenie v. Planning Board of Groton, supra (trial judge erred by disregarding a bylaw which in the circumstances had the effect of conferring standing on plaintiffs as a result of a concern about contamination of drinking water as a result of replacement of underground tanks). As such, the plaintiffs lack standing to bring this appeal.[3]
ORDER
For the above reasons, the defendants’ Motion for Dismissal is ALLOWED.

Plaintiffs argue in their REPLY AND OPPOSITION TO RULE 9A MOTION OF DEFENDANTS TO DISMISS PLAINTIFF’S COMPLAINT that the aesthetic concerns alleged in their Complaint fall within the scope and protection of The Rules and Regulations of the Lunenberg Planning Board and that this is sufficient to establish standing. The regulation the plaintiffs reference, however, pertains only to town owned land. Due to the fact that a private party, LTN Realty Trust, owns the property in question, this regulation is inapplicable.