ALLEGAERT vs. HARBOR VIEW HOTEL OWNER LLC, 100 Mass. App. Ct. 483

 
 LYNN ALLEGAERT [Note 1] & others [Note 2] vs. HARBOR VIEW HOTEL OWNER LLC & others [Note 3] (and a companion case [Note 4]).

100 Mass. App. Ct. 483
 May 5, 2021 - November 17, 2021

Court Below: Superior Court, Dukes County
Present: Rubin, Sacks, & Ditkoff, JJ.

 

Zoning, Special permit, Nonconforming use or structure, Building inspector, Notice, Board of appeals: notice of hearing. Notice. Practice, Civil, Statute of limitations. Limitations, Statute of. Statute, Construction.

In a civil action challenging a town's issuance of a special permit allowing the defendant hotel to relocate its pool bar, a Superior Court judge erred in dismissing that part of the complaint that alleged defects in notice, where the plaintiff neighbors timely brought their action for judicial review of the special permit decision within the ninety-day statute of limitations period applicable to actions based on certain defects in procedure or notice, as provided under G. L. c. 40A, § 17; where, at this stage of the proceedings, the judge erred in making factual findings and credibility judgments regarding whether the town provided the required notice; and where, accepting as true the allegation that none of the eleven plaintiffs received the notice to which they were entitled (thereby belying any suggestion that perhaps a notice was mislaid in the mail), dismissal for failure to state a claim of defective notice was unwarranted. [486-490]

In a civil action challenging the failure of a town's building inspector to take enforcement action against a hotel for selling food and beverages from and near its pool bar, a Superior Court judge erred in dismissing the action, where, although a special permit that had been issued by the town to allow the hotel to construct a new pool bar implicitly allowed for service of food and beverages at that bar [490-491], the complaint also alleged that food and beverages were being served in a patio area that was not included in the 

 Page 484 

special permit [491].

CIVIL ACTIONS commenced in the Superior Court Department on June 21 and August 29, 2019.

After consolidation, motions to dismiss were heard by David Ricciardone and Robert C. Rufo, JJ.

CIVIL ACTION commenced in the Superior Court Department on January 10, 2020.

A motion to dismiss was heard by Brian A. Davis, J.

Felicia H. Ellsworth for Lynn Allegaert & others.

Mariana Korsunsky (Kevin P. O'Flaherty also present) for Harbor View Hotel Owner LLC.

James B. Lampke, for town of Edgartown & others, was present but did not argue.

 DITKOFF, J. The plaintiffs, all neighbors of the Harbor View Hotel (Harbor View) in Edgartown, appeal from Superior Court judgments dismissing two different Superior Court actions, one challenging a special permit allowing Harbor View to relocate its pool bar (permit action) and one challenging the failure of the building inspector of the town of Edgartown (town) to take enforcement action against Harbor View for selling food and beverages from and near that bar (enforcement action). [Note 5] General Laws c. 40A, § 17, generally requires an appeal of a decision on a special permit application to be filed within twenty days of the filing of that decision with the town clerk. Nonetheless, such a decision may be "questioned . . . with respect to [defects in] . . . [notice by] publication, mailing or posting" by filing a lawsuit within ninety days of the filing of the decision. G. L. c. 40A, § 17. The permit action, which alleges both defects in notice and substantive errors in the grant of the special permit, was filed more than twenty, but less than ninety, days after the filing of the decision. Concluding that the permit action was timely concerning the allegations of defects in notice, we reverse the dismissal of this complaint to this extent. Further concluding that the portion of the enforcement action -- which was filed timely -- that challenges the alleged sale of food and beverages in a patio area not 

 Page 485 

included in the special permit may proceed, we vacate, in part, the dismissal of the enforcement action.

 1. Background. Harbor View exists as a prior nonconforming commercial use in a residential neighborhood. In 1990 and again in 1992, the zoning board of appeals of Edgartown (board) granted Harbor View a special permit to serve food and beverages at some of the hotel's outdoor areas. Between 1992 and 2019, a pool bar existed near the eastern end of the pool from which the hotel was permitted to serve food and beverages.

 On March 20, 2019, Harbor View applied to the board for a special permit to replace the existing pool bar and construct a new pool bar in a different location. A set of plans accompanied the application. The bar was to be constructed on the western end of the pool, outside the pool's fence. The board scheduled a hearing for May 1, 2019, and the board's assistant has averred that she mailed notice of the hearing to "parties in interest" as identified by the town's assessor. The assistant also averred that she published notice in the Vineyard Gazette on April 12 and April 19, 2019, and by posting notice of the public hearing at town hall. The plaintiffs assert in their complaint that none of them received notice of the special permit application or of the board's hearing. [Note 6]

 On May 1, 2019, the board voted to grant the special permit and filed a decision with the town clerk on May 3, 2019. The plaintiffs also allege that they did not know about the special permit until construction began on or about June 13, 2019. They commenced their appeal of the special permit on June 21, 2019, forty-nine days after the board's decision was filed, by filing a complaint in Superior Court. As mentioned, this complaint alleged both defects in notice and that the special permit was wrongly granted on the merits.

 Harbor View, joined by the town, moved to dismiss the complaint, arguing, inter alia, that the complaint failed to state a claim and that the Superior Court lacked subject matter jurisdiction because the plaintiffs had not filed their complaint within twenty days of the filing of the board decision. The judge credited the sworn declaration of the board's administrative assistant and discredited the sworn declarations of the plaintiffs and their neighbors. Thus concluding that notice was properly mailed, the judge dismissed the counts of the complaint challenging the 

 Page 486 

special permit. [Note 7]

 In addition, on August 2, 2019, an attorney for the plaintiffs filed a request with the town for enforcement of the zoning bylaws. The plaintiffs contended both that the location of the new bar is outside the "pool area" on which the 1992 special permit authorized service of food and beverages and that the sale of food and beverages at and near the bar is unauthorized. The building inspector denied the request, concluding "that the uses and activities being undertaken are permitted under the law and the permits." The board upheld the building inspector's decision. On appeal to the Superior Court -- the timeliness of which is uncontested -- a different Superior Court judge dismissed the appeal, concluding that the "enforcement" claims were in essence an effort to appeal from the 2019 special permit decision, and principles of claim preclusion required dismissal.

 2. Standard of review. "We review de novo the allowance of a motion to dismiss for lack of subject matter jurisdiction under rule 12 (b) (1)." 311 West Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016). In reviewing the allowance of a motion to dismiss granted pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), we accept the allegations in the complaint as true and draw "all reasonable inferences in the plaintiff[s'] favor." Baptiste v. Executive Office of Health & Human Servs., 97 Mass. App. Ct. 110, 114 (2020), cert. denied, 141 S. Ct. 2626 (2021), quoting Edwards v. Commonwealth, 477 Mass. 254, 260 (2017). "[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Rosenberg v. JPMorgan Chase & Co., 487 Mass. 403, 408 (2021), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 631 n.14 (2008).

 3. Notice and timeliness of the appeal from the special permit. a. Statutory provisions. The timeliness of actions challenging a special permit decision is governed by statute. "Our primary duty in interpreting a statute is 'to effectuate the intent of the Legislature in enacting it.'" Spencer v. Civil Serv. Comm'n, 479 Mass. 210, 216 (2018), quoting Campatelli v. Chief Justice of the Trial Court, 468 Mass. 455, 464 (2014). "Ordinarily, where the language of a statute is plain and unambiguous, it is conclusive as to legislative intent." Abuzahra v. Cambridge, 486 Mass. 818, 822 

 Page 487 

(2021), quoting Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 620 (2019). "[W]here the statutory language is ambiguous or unclear, 'we consider the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, [such that] the purpose of its framers may be effectuated.'" Abuzahra, supra, quoting Spencer, supra at 217.

 General Laws c. 40A, § 17, states that a person aggrieved by a decision on a special permit "may appeal . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk." The same section further provides the following:

"The foregoing remedy shall be exclusive, notwithstanding any defect of procedure or of notice other than notice by publication, mailing or posting as required by this chapter, and the validity of any action shall not be questioned for matters relating to defects in procedure or of notice in any other proceedings except with respect to such publication, mailing or posting and then only by a proceeding commenced within ninety days after the decision has been filed in the office of the city or town clerk . . . ."

 Harbor View and the town read these provisions as establishing two different statutes of limitations for challenging a special permit decision on the merits -- twenty days ordinarily, but ninety days if the aggrieved party can show a defect in notification. The Supreme Judicial Court, however, has rejected that reading of the statutory provisions. See Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304 (1986). "The plain meaning of this language . . . is that the ninety-day appeal period applies to actions alleging the invalidity of any action by the board due to certain defects in procedure or notice." Id. at 309. Accord Kramer v. Zoning Bd. of Appeals of Somerville, 65 Mass. App. Ct. 186, 191 (2005) ("A longer period [or ninety days] applies, however, to appeals based on defects in procedure, including notice").

 Accordingly, the statute provides different statutes of limitations for two different types of challenges to a special permit decision. For a challenge to a special permit decision on the merits, the statute provides for an "exclusive" remedy, which must be filed within twenty days of the filing of the board's decision. G. L. c. 40A, § 17. Accordingly, "the addition of the ninety-day appeal period language to the statute was not to 

 Page 488 

enlarge the time for filing an appeal on the merits, but was intended to limit the time for filing a challenge to an action of a board on the ground that a defect in procedure or notice had deprived the board of jurisdiction over the matter." Cappuccio, 398 Mass. at 310. The time limit for a lawsuit seeking to invalidate a board decision because of a defect in notice for public hearings is thus ninety days. See id. at 311. [Note 8]

 Here, the complaint raises both types of challenges. The plaintiffs raise numerous claims about the merits of the grant of the special permit. These are time barred, as they were not raised by a lawsuit filed within twenty days of the filing of the board's decision. See Cappuccio, 398 Mass. at 310. The plaintiffs also raise claims about the town's notification regarding the special permit. These claims are timely, because they were raised by a lawsuit filed within ninety days of the filing of the board's decision.

 Once this is understood, it is evident that the judge erred in making factual findings and credibility judgments at the motion to dismiss stage regarding whether the town in fact provided the required notice. This is not a question of the court's subject matter jurisdiction, as the Superior Court has subject matter jurisdiction over the claim, filed within ninety days, that the board's decision was invalid because of defective notice. Thus, cases such as Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 710-711 (2004), and Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 515-516 (2002), regarding a judge's ability to make factual findings to determine subject matter jurisdiction, are inapposite.

 b. Application. The only question properly before the judge on the motion to dismiss was whether the complaint stated a claim for invalidation of the board's decision on the basis of a defect in notice. See Mass. R. Civ. P. 12 (b) (6). The board was required to hold a public hearing, "for which notice ha[d] been given as provided in [G. L. c. 40A, § 11]." G. L. c. 40A, § 9. That some or all of the plaintiffs were parties in interest as that term is used in § 11, and entitled to notice by mail pursuant to §§ 9, 11, and 15, is uncontested. See Kramer, 65 Mass. App. Ct. at 190 (noting §§ 9 and 11 require notice by mail of hearing on special permit application to parties in interest).

 It is true that G. L. c. 40A, § 17, requires only that the notices be mailed; it does not require they be received. See Zuckerman v. Zoning Bd. of Appeals of Greenfield, 394 Mass. 663, 669 (1985). Accord Fifield v. Board of Zoning Appeal of Cambridge, 450 Mass. 1001, 1002 (2007). Here, however, the complaint alleges that none of the eleven plaintiffs, each entitled to mailed notice, received notification of the special permit application, public hearing, or decision. Accepting this as true for purposes of the motion to dismiss and drawing "all reasonable inferences in the plaintiff[s'] favor," Baptiste, 97 Mass. App. Ct. at 114, quoting Edwards, 477 Mass. at 260, this provides an adequate basis to infer that notice was not mailed at all. If true, the sheer number of persons who did not receive notice belies any suggestion that perhaps a notice was mislaid in the mail. Contrast Zuckerman, supra at 668-670 & n.4 (complaint properly dismissed where parties agreed that notice had been mailed but not received). Accordingly, dismissal for failure to state a claim of defective notice was not warranted. [Note 9]

 It bears mention that not all defects in notice, even defects in notice by mail, require a new hearing by the board. "The statutes of limitation for judicial review of special permit decisions - whether twenty days, or ninety days where there has been a defect in notice - exist to promote finality and to preclude attacks indefinitely on decisions which have already been tested in the

 Page 490 

 hearing process." Kramer, 65 Mass. App. Ct. at 192-193. "Not every decision of an administrative board need be invalidated for the board's failure to comply precisely with the statutory notice requirements of G. L. c. 40A, § 17." Id. at 195. Accord Chiuccariello v. Building Comm'rs of Boston, 29 Mass. App. Ct. 482, 488 (1990) ("defective notice should not necessarily invalidate exercise of jurisdiction by the board"). Defects in notice that cause no prejudice do not require a new hearing. See Gordon v. State Bldg. Code Appeals Bd., 70 Mass. App. Ct. 12, 17 (2007), quoting Bonan v. Board of Appeal of Boston, 21 Mass. App. Ct. 678, 684 (1986) ("it has been concluded that notice requirements are not deemed jurisdictional where 'the party claiming to be aggrieved by the board's action knew of the proceedings and was not prejudiced by whatever defect there was in the notice'"); Gamache v. Acushnet, 14 Mass. App. Ct. 215, 219 (1982) (plaintiffs learned of hearing and had time to prepare); Kasper v. Board of Appeals of Watertown, 3 Mass. App. Ct. 251, 257-258 (1975) (where abutter and his son had actual notice of public hearing by second publication twelve days in advance of hearing, abutter had reasonable time to prepare and was not prejudiced by board's failure to send him written notice). "Successful attack on a board's decision, in the face of actual notice but in the absence of statutorily required notice, should be restricted to circumstances where prejudice is demonstrated." Chiuccariello, supra at 486. Ultimately, it will be for the fact finder to determine here whether there was a defect in the notice, whether the parties had adequate notice in the circumstances, and whether the parties were prejudiced. We express no view on these issues, which are undeveloped in the briefing before us.

 4. Enforcement action. Like their challenge to the special permit, the plaintiffs' complaint in the enforcement action -- which was filed in a timely manner -- alleges two different violations. Their principal contention is that the 2019 special permit allowed construction of the new bar, but did not allow service of food and beverages at the bar. To the contrary, we agree with the building inspector, the board, and the judge that the special permit to construct the new pool bar implicitly allowed service of food and beverages at the new bar. The 1990 special permit allowed for the service of food and beverages on the pool deck, but no special permit was considered necessary for the service of food and beverages at the bar itself. The plans submitted to the board in 2019 showed a bar surrounded on three sides by nineteen seats

 Page 491 

 (or bar stools). The 2019 special permit decision specifically considered whether an increase of two seats at the bar would result "in a significant intensification in the use of the structure," a concern that would make little sense if the board did not contemplate that food and beverages would be served to those sitting in those seats. Under these circumstances, it would make little sense to read the special permit as authorizing the construction of a bar with nineteen seats but not its use as a bar. Cf. Bruno v. Zoning Bd. of Appeals of Tisbury, 93 Mass. App. Ct. 48, 52 (2018) (for statute of limitations purposes, challenge to all uses of structure is challenge to existence of structure).

 The enforcement action complaint, however, raises an additional issue. The complaint alleges that food and beverages are being provided and consumed in "a patio area of approximately 2,275 square feet with fire pits, approximately 60 lights, seating for approximately 50 patrons, and standing room for approximately 50 more." It further alleges that this patio area creates excessive light, attracts a large number of patrons, and results in excessive noise. As the complaint alleges, this patio area was not included in the special permit. Indeed, the 2019 special permit authorized only a 176 square foot pool bar that was required to be smaller than the preexisting 225 square foot pool bar. As a result, nothing in the 2019 special permit allows the service and consumption of food and beverages in the patio area, if indeed (as the plaintiffs allege) that is occurring. This claim could not have been brought in the permit action, as that action was decided before the board affirmed the building inspector's nonenforcement decision. [Note 10] Claim preclusion, therefore, does not apply to this claim. See Laramie v. Philip Morris USA Inc., 488 Mass. 399, 405 (2021), quoting O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998) (claim preclusion "prevents relitigation of all matters that were or could have been adjudicated in the [prior] action"). Accordingly, the enforcement action should not have been dismissed to the extent that it challenges the provision of food and beverages in the patio area.

 5. Conclusion. In the permit action, so much of the corrected judgment entered November 1, 2019, on docket no. 1974CV00021, and so much of the judgment entered April 30, 2020, on docket no. 197400038, as dismiss the claim that a defect in notice

 Page 492 

 deprived the board of appeals of jurisdiction are vacated. In all other respects, the judgments are affirmed.

 In the enforcement action, on docket no. 2074CV00003, so much of the judgment entered April 30, 2020, as dismisses the claim alleging that food and beverages are being provided and consumed outside the pool area and the bar as set forth in the special permit plans is vacated. In all other respects, the judgment is affirmed.

 So ordered.

FOOTNOTES
[Note 1] Individually and as trustee of the Lynn Allegaert Revocable Trust. 

[Note 2] Mark A. Dalton and Hume R. Steyer, as trustees of the MVBH Realty Trust; James Swartz; Joseph Smith; Louise Neuhoff, individually and as manager of Neuhoff Realty LLC; Geoff Caraboolad, individually and as trustee of the Caraboolad Investment Trust, and as manager of 63 Fuller LLC; Richard Zannino; and Edwin Brooks. Anna Zannino and Granville H. White, Jr., who were named as plaintiffs in the second amended complaint, did not participate in this appeal. 

[Note 3] Town of Edgartown; building inspector and zoning enforcement officer of Edgartown; and zoning board of appeals of Edgartown. 

[Note 4] Lynn Allegaert, individually and as trustee, & others vs. Harbor View Hotel Owner LLC & others. 

[Note 5] The cases were consolidated in this court for briefing and decision. In the Superior Court, in addition to the enforcement action, No. 2074CV00003, two complaints were filed in the permit action. A motion to consolidate the cases in the permit action was allowed, and No. 1974CV00021 became the "lead case." The docket in No. 1974CV00038 remained open, and the plaintiffs have appealed from the judgments entered on all three dockets. 

[Note 6] Most of the plaintiffs and three other neighbors filed affidavits attesting that they did not receive such notice. 

[Note 7] The complaint also included counts for nuisance and negligent infliction of emotion distress, which the judge did not dismiss. The plaintiffs subsequently voluntarily dismissed these counts. 

[Note 8] We have held that, "where there has been a complete failure of notice of a public hearing in advance of the granting of a special permit, the ninety-day limitation in G. L. c. 40A, § 17, should not be deemed to run until the abutter has notice of the project to which he objects." Kramer, 65 Mass. App. Ct. at 193-194. Such tolling may occur where a town provides no notice to an abutter at all, not even by publication or posting; in Kramer, we remanded for a determination whether notice by publication and posting was given. See id. at 195. We need not further discuss those principles here, because the plaintiffs filed their challenge to the special permit decision less than ninety days after it was filed with the town clerk. 

[Note 9] The plaintiffs argue that the notice was defective for the additional reason that it contained an inadequate description of the proposed project. General Laws c. 40A, § 11, provides that "[p]ublications and notices required by this section shall contain the name of the petitioner, a description of the area or premises, street address, if any, or other adequate identification of the location, of the area or premises which is the subject of the petition, the date, time and place of the public hearing, the subject matter of the hearing, and the nature of action or relief requested if any." The notices at issue stated that the hotel planned to replace an existing pool bar by constructing a new, slightly smaller pool bar, "in a different location." The notice requirements did not require that the applicant identify the precise location on the lot where the new pool bar would be located. In this regard, the plaintiffs do not "plausibly suggest" they are "entitled to relief." A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018). 

[Note 10] Judgment entered in the permit action on November 1, 2019. The board's decision in the enforcement action was filed with the town clerk on December 23, 2019. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.