MARKHAM vs. PITTSFIELD CELLULAR TELEPHONE COMPANY, 101 Mass. App. Ct. 82

 
 MARK MARKHAM & others [Note 1] vs. PITTSFIELD CELLULAR TELEPHONE COMPANY [Note 2] & others. [Note 3]

101 Mass. App. Ct. 82
 December 8, 2021 - May 20, 2022

Court Below: Superior Court, Berkshire County
Present: Milkey, Blake, & Grant, JJ.

 

Zoning, Special permit, Notice, Board of appeals: notice of hearing, Appeal, Telecommunications facility. Notice. Statute, Construction. Practice, Civil, Statute of limitations, Summary judgment. Limitations, Statute of.

In a civil action challenging the decision of a city zoning board of appeals to grant a special permit, brought over two years later by abutters who contended that they had not received notice by mail, as required by G. L. c. 40A, § 11, of the public hearing at which they might have opposed it, a Superior Court judge did not err in granting the defendants' motion for summary judgment on the ground that the complaint was untimely, where, given that there was no dispute that the city had provided notice by the other two methods required by § 11, the lack of notice by mail did not toll the ninety-day limitations period in G. L. c. 40A, § 17, for appealing from a decision granting a special permit. [84-88]

CIVIL ACTION commenced in the Superior Court Department on April 17, 2020. 

 The case was heard by Douglas H. Wilkins, J., on a motion for summary judgment.

 Patricia A. DeJuneas for the plaintiffs.

 Buffy Duringer Lord for zoning board of appeals of Pittsfield.

 Mark J. Esposito for Pittsfield Cellular Telephone Company.

 Michael Pill for Tricia Farley-Bouvier & others, amici curiae, submitted a brief.

 GRANT, J. The city of Pittsfield (city) was required by G. L. c. 40A, § 11, to notify the plaintiffs of a public hearing on an application for a special permit in three ways: by mailing a copy

 Page 83 

 of the notice to each plaintiff, by posting it in the city hall, and by publishing it in a newspaper. The question before us is whether, where the city failed to give notice by the first of those three methods, the ninety-day limitation period in G. L. c. 40A, § 17, should be tolled until the plaintiffs received actual notice. That question was left unanswered in Allegaert v. Harbor View Hotel Owner LLC, 100 Mass. App. Ct. 483, 488 n.8 (2021). We conclude that, because the city did provide notice by the latter two of the three methods, there was not "a complete failure of notice of a public hearing" (quotation and citation omitted), id., and the ninety-day limitation period was not tolled. Accordingly, we affirm the summary judgment for the defendants.

 Background. On September 22, 2017, defendant Pittsfield Cellular Telephone Company, doing business as Verizon Wireless (Verizon), filed its application for a special permit to construct a cell tower at 877 South Street. The city's zoning board of appeals (board) scheduled a public hearing for November 15, 2017. See G. L. c. 40A, § 9. As required by G. L. c. 40A, § 11, the board posted notice of the hearing at city hall and published the notice in the Berkshire Eagle newspaper on November 1 and 8, 2017. [Note 4] The city generated a list of names and addresses of abutters, including the plaintiffs. [Note 5] According to the city's permitting coordinator, on or about October 30, 2017, he mailed notice of the hearing to each abutter on that list. [Note 6] At the hearing, the board voted to grant the special permit, and its decision was filed with the city clerk on November 29, 2017. [Note 7]

 Construction on the special permit was delayed for more than two years. On or about March 18, 2020, the plaintiffs first learned of the special permit when they saw construction vehicles driving through their neighborhood to the cell tower site. Within a month, on April 17, 2020, the plaintiffs filed their complaint seeking relief

 Page 84 

 pursuant to G. L. c. 40A, § 17, challenging the special permit because they had not received notice of the public hearing at which they might have opposed the cell tower. [Note 8] The complaint was supported by affidavits of the twelve original plaintiffs from nine separate households averring that they never received notice of the hearing by mail, nor did they learn of it from the posting in city hall or the publication in the newspaper. 

 The defendants moved for summary judgment, arguing that the complaint was untimely because it was not brought within twenty days after the decision granting the special permit was filed with the city clerk, as is ordinarily required, or within ninety days, the extended period allowed when notice is at issue. See G. L. c. 40A, § 17. A judge of the Superior Court granted the defendants' motion for summary judgment, concluding that the plaintiffs' complaint was untimely. He ruled that there was a genuine issue of material fact whether the city had mailed the notices to the plaintiffs, and he assumed, for the purposes of summary judgment, that the city had failed to do so and that the failure prejudiced the plaintiffs' opportunity to be heard. Finding that the city did provide some, albeit imperfect, notice by posting in city hall and publication in the newspaper, the judge interpreted § 17 to mean that the plaintiffs were required to bring this case within ninety days of the filing of the decision in the clerk's office. This appeal ensued. [Note 9]

 Discussion. We review de novo a decision granting summary judgment, viewing the evidence "in the light most favorable to the party against whom summary judgment was entered." Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 330 (2021). See Cellco Partnership v. Peabody, 98 Mass. App. Ct. 496, 500 (2020). 

 Here, the record on summary judgment established, as the judge found, that the city did provide notice of the public hearing on the special permit by two of the three required methods: by 

 Page 85 

posting the notice in city hall and publishing it in the newspaper. [Note 10] For purposes of summary judgment, we accept the plaintiffs' allegations as true, and we assume that they did not receive by mail any notice of the hearing. See Allegaert, 100 Mass. App. Ct. at 489. Indeed, the "sheer number" of abutters -- twelve -- who averred that they did not receive the mailed notices provided "an adequate basis to infer," at least at the summary judgment stage, that the notices were not mailed. Id. (complaint alleged that eleven plaintiffs did not receive notice). The sole issue before us, then, is whether the lack of notice by mail to the plaintiffs tolls the limitation period for appealing from a decision granting a special permit.

 We start with the language of the statute, which is "the principal source of the insight into legislative purpose." Kramer v. Zoning Bd. of Appeals of Somerville, 65 Mass. App. Ct. 186, 192 (2005), quoting Adoption of Marlene, 443 Mass. 494, 497 (2005). The opportunity for interested persons to be heard at a public hearing on the special permit is a "critical feature of the statutory zoning scheme." Kramer, supra. It "provides an 'opportunity for interested persons to appear and express their views pro and con.'" Id. at 190, quoting Milton Commons Assocs. v. Board of Appeals of Milton, 14 Mass. App. Ct. 111, 114-115 (1982). As mentioned above, G. L. c. 40A, § 11, required the board to provide notice to the plaintiffs of the public hearing on the special permit in three ways: by publication for two successive weeks in "a newspaper of general circulation in the city"; by posting for at least fourteen days "in a conspicuous place in the city . . . hall"; and by mail to the plaintiffs, who as abutters were "parties in interest." That provision of notice was required to be performed by the board or its agent, and that task could not be delegated to the applicant for the special permit. See Kramer, supra. As to the mailed notice, § 11 required only that it "be sent by mail, postage prepaid," and did not require proof that the notice was received by any abutter. See Allegaert, 100 Mass. App. Ct. at 489.

 The mechanism for appeal from a decision on a special permit is set forth in G. L. c. 40A, § 17, which we must construe here. It requires that a person aggrieved by a decision on an application

 Page 86 

 for special permit must bring an action "within twenty days after the decision has been filed in the office of the city or town clerk." Section 17 continues:

"The foregoing remedy shall be exclusive, notwithstanding any defect of procedure or of notice other than notice by publication, mailing or posting as required by this chapter, and the validity of any action shall not be questioned for matters relating to defects in procedure or of notice in any other proceedings except with respect to such publication, mailing or posting and then only by a proceeding commenced within ninety days after the decision has been filed in the office of the city or town clerk . . ." (emphasis added).

Thus, if an aggrieved person seeks to invalidate a board's decision because of a "defect[] in . . . notice" by "publication, mailing[,] or posting," the Legislature has extended the time limit for filing a complaint from twenty days to ninety days. See Allegaert, 100 Mass. App. Ct. at 487-488. 

 As the judge noted, by using the disjunctive "or" in the phrase "publication, mailing[,] or posting," the Legislature signified that it meant for the ninety-day deadline of § 17 to apply to cases like this one, where notice was accomplished by fewer than all three methods. Moreover, if the Legislature had wanted to require actual notice to abutters, it could have written G. L. c. 40A, § 17, to require the board to transmit the notices to them by registered or certified mail, or by hand delivery. Indeed, elsewhere in § 17, the Legislature did just that when it required that service of a complaint appealing from a decision on a special permit be made on the defendants "by delivery or certified mail." Many other statutes affecting persons' interests in property require notice by certified or registered mail. [Note 11] Or, as the judge pointed out, the Legislature could have written § 17 so that the appeal period commenced with the plaintiffs' receipt of the notice of the board's decision on the special permit application. See, e.g., G. L. c. 30A, § 14 (action for judicial review of administrative agency commenced "within thirty days after receipt of notice of the final decision of the agency").

 Page 87 

 "[T]imely commencement of [an] appeal to [the] Superior Court is 'a requirement [the Supreme Judicial Court] has policed in the strongest way.'" Kramer, 65 Mass. App. Ct. at 194, quoting Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304, 312 (1986). See Allegaert, 100 Mass. App. Ct. at 488. The notice requirements and filing limitations set forth in G. L. c. 40A, § 17, balance the importance of ensuring that interested persons are heard regarding applications for special permits with the need "to promote finality and to preclude attacks indefinitely on decisions which have already been tested in the hearing process." Kramer, supra at 193. 

 We conclude that in these circumstances, the limitation period should not be tolled. There is no dispute that the city provided notice by two of the three required methods. Where the Legislature established a ninety-day limitation period for interested persons to raise issues as to defects in notice, and there was not a complete absence of notice, the plaintiffs' complaint was untimely, and the judge correctly dismissed the action. "[N]ot all defects in notice, even defects in notice by mail, require a new hearing by the board." Allegaert, 100 Mass. App. Ct. at 489. As noted by the judge, construing G. L. c. 40A, § 17, as we do may seem "harsh" to abutters who did not learn of the special permit for the cell tower until more than two years after the board's decision. However, the opposite result would be "harsh" to special permit applicants, who cannot themselves send the notices and likely invest considerable time, effort, and money in proceeding with construction upon a special permit that they presumably had every reason to believe was not contested beyond what was already said at the public hearing. 

 The plaintiffs argue that their receipt of the mailed notices was necessary to satisfy due process, and that notice only by publication and posting was insufficient because they had no reason to check the newspaper or look for a posting at city hall. The argument is unavailing. The Legislature set forth in G. L. c. 40A, §§ 11, 15, and 17, what notice was necessary. Cf. Andover v. State Fin. Servs., Inc., 432 Mass. 571, 574-575 (2000) (town's mailing of foreclosure petition by certified mail as required by G. L. c. 60, § 66, satisfied due process regardless of whether it was received). The plaintiffs have made no reasoned argument that due process requires a limitation period that exceeds ninety days. 

 The plaintiffs also contend that the result we reach effectively nullifies the notice by mail requirement of G. L. c. 40A, § 11, 

 Page 88 

because a failure to comply with it would have no consequences as long as abutters remain unaware of the decision on the special permit for ninety days. We think the plaintiffs overstate that risk. In drafting G. L. c. 40A, the Legislature could expect that municipal officials would perform their obligations as to providing notice "in a way which is consistent with presumptions of regularity and good faith." Kramer, 65 Mass. App. Ct. at 193. We will not assume that municipal boards throughout the Commonwealth will deliberately flout those duties. Moreover, nothing we say here controls the result should a judge be faced with a deliberate choice by a board or its agent to forgo compliance with statutory notice requirements. 

Judgment affirmed.

FOOTNOTES
[Note 1] Angelika Markham, Aimee Erskine, William Coe, Todd Storti, Russell Holmes, Susan Holmes, Alison Ambrose, Dennis Desnoyers, and Michael Goodrich. Paul Dalton and Diana Wallett Dalton were plaintiffs in Superior Court but are not parties to this appeal. 

[Note 2] Doing business as Verizon Wireless. 

[Note 3] Farley White South Street, LLC, and zoning board of appeals of Pittsfield. 

[Note 4] Although not required to do so by G. L. c. 40A, the city also posted notice of the hearing on its website. 

[Note 5] The plaintiffs are either direct abutters or abutters to abutters within 300 feet of the cell tower site, and so they were entitled under G. L. c. 40A, § 11, to receive notice by mail. 

[Note 6] In response, two envelopes addressed to abutters other than the plaintiffs were returned as "undeliverable." An abutter other than the plaintiffs exchanged emails with the permitting coordinator about the details of the project and attended the hearing. 

[Note 7] According to the city's permitting coordinator, after the hearing he also mailed notice of the board's decision granting the special permit to each abutter, including the plaintiffs. See G. L. c. 40A, § 15. 

[Note 8] The complaint did not challenge any failure of the city to take enforcement action against Verizon for building the cell tower. See Allegaert, 100 Mass. App. Ct. at 490-491. We take no position on the viability of any such enforcement action. 

[Note 9] We acknowledge the amicus brief filed on behalf of Tricia Farley-Bouvier; Peter T. White; Kevin J. Morandi; Earl G. Persip, III; Christopher Connell; Karen M. Kalinowsky; John M. Krol, Jr.; Cecilia Doucette; Alliance for Microwave Radiation Accountability, Inc.; Wired Broadband, Inc.; and twenty-nine Pittsfield residents. 

[Note 10] This case was decided on summary judgment; in contrast, both Allegaert, 100 Mass. App. Ct. at 484, 490, and Kramer v. Zoning Bd. of Appeals of Somerville, 65 Mass. App. Ct. 186, 195-196 (2005), were decided on motions to dismiss. In both those cases we remanded for further factual determinations as to the sufficiency of notice by posting or publication. 

[Note 11] See, e.g., G. L. c. 60, § 66 (notice to persons who may be interested in tax title foreclosure by registered mail, return receipt required); G. L. c. 61B, §§ 8-9, 14 (notice to landowner of public hearing on intent to convert land to other uses by certified mail); G. L. c. 131, § 40A (before issuing orders to protect inland wetlands, Commissioner of Environmental Protection must give notice of public hearing by certified mail to each assessed owner). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.