NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-555

STEVEN E. STONE, trustee,[1] & another[2]

vs.

ZONING BOARD OF APPEALS OF NORTHBOROUGH & another.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Steven E. Stone, as trustee of the One Fifty-Two Bartlett Street Trust, and Anne Beckstrom, brought the underlying action pursuant to G. L. c. 40A (the zoning act) in the Superior Court challenging a decision by defendant zoning board of appeals of Northborough (board), to grant a variance to defendant Cable Matters, Inc. (Cable Matters), allowing it to construct a warehouse and office space on three parcels of land in the town's industrial district and groundwater protection overlay district. A judge of the Superior Court allowed Cable Matters's motion for summary judgment, holding that the plaintiffs did not have standing to challenge the board's

---

[1] Of the One Fifty-Two Bartlett Street Trust.
[2] Anne Beckstrom.
[3] Cable Matters, Inc.

decision.  The plaintiffs now appeal the judgment dismissing their complaint.  We vacate and remand.

1.  <u>Background</u>.  We summarize the undisputed facts.  In February 2020, Cable Matters applied to the board for a variance to construct a 20,000 square foot warehouse, of which 17,000 square feet of floor space would be used for a warehouse and the remaining 3,000 square feet of floor space would be used as office space, on three parcels of land in the town of Northborough (town).  The parcels, 1 Lyman Street, 29 Lyman Street, and 0 Bartlett Street, are located directly across the street from the plaintiffs' residence, 152 Bartlett Street.  There is already heavy industrial and commercial traffic from large trucks in the area, and that traffic occurs twenty-four hours a day, seven days a week.  Cable Matters anticipates that only three percent of its products would pass through its proposed warehouse, as the rest of the products are sold through Amazon.  The three percent of the products that would pass through the Cable Matters warehouse would be delivered to customers, and there would be no on-site pickup by customers.  As such, Cable Matters anticipates that its proposed building would create the following additional traffic, all during normal business hours:  eight passenger cars, a United States Postal Service (USPS) van once per day between 11 <u>A</u>.<u>M</u>. and 1 <u>P</u>.<u>M</u>., a

United Parcel Service (UPS) vehicle twice per day before 6 P.M., and one tractor trailer every two or three months.

The parcels on which Cable Matters plans to build are within the town's groundwater protection overlay district (GPOD) (an area that permits recreation, conservation, and agricultural use, as well as some single-family residential use), which means that Cable Matters is required to obtain a variance in order to build the proposed warehouse and office space.  After a hearing on Cable Matters's variance request on July 1, 2020, the board granted the variance.  The board found that, due to the unique characteristics of the parcels and their location in a far corner of the GPOD, a literal interpretation of the GPOD zoning bylaw would involve substantial hardship.  The board also found that the requested variance would "not constitute substantial detriment to the public good, nor would it nullify or substantially derogate from the intent or purpose of the Town's zoning bylaw."  The plaintiffs appealed this decision on September 8, 2020, by filing an action in the Superior Court pursuant to G. L. c. 40A, § 17.  A judge of the Superior Court allowed a motion for summary judgment by defendant Cable Matters, and subsequently issued a judgment dismissing the case

against all defendants. It is an appeal from that judgment that we have before us.[4]

Cable Matters's motion for summary judgment in the Superior Court asserted that the plaintiffs lacked standing to challenge the board's decision. The plaintiffs argued that they had standing because their property interests would be affected in unique ways due to (1) excessive noise during construction on the premises, (2) excessive post-construction noise from trucking and loading operations, (3) fumes and offensive odors from delivery trucks, (4) unnatural light, and (5) loss of open space.

The motion judge held that the claimed injury of loss of open space could not support standing because the claim was based on the fact that Cable Matters would be cutting down trees on its own property, not on the plaintiffs' property, and therefore the plaintiffs had no legally cognizable interest in those trees. The judge also held that the unnatural light from Cable Matters's operations was not an interest protected by the

---

[4] In addition to being in the GPOD, the parcels are in the town's industrial zoning district. Because it is in the GPOD, Cable Matters is also required to obtain a special permit to construct a warehouse. The application for the special permit was addressed to the town planning board, not the zoning board of appeals. The planning board granted the special permit, but included the following limitations: the parking lot lights must be turned off by 9 P.M. each evening, deliveries must be limited to the hours of 9 A.M. to 8 P.M. on weekdays, and the driveway on Lyman Street must be restricted to exit only. The plaintiffs did not appeal from the planning board's decision.

4

zoning act or the bylaws, and thus could not support standing. To the extent the plaintiffs' three other arguments could support standing, the judge determined that Cable Matters had rebutted the presumption that the plaintiffs were "aggrieved" persons under G. L. c. 40A, § 17, by showing that any harm to the plaintiffs would be de minimis, and that the plaintiffs had not presented sufficient evidence of unique harm to establish standing absent that presumption. For those reasons, the judge allowed Cable Matters's motion for summary judgment on June 1, 2022. The judge's order was docketed on June 6, 2022, and the plaintiffs filed a notice of appeal on July 5, 2022.

No judgment was entered on the docket, however, and the board filed a motion on December 16, 2022, requesting that the Superior Court judge enter a judgment in favor of the board and an order for judgment dismissing the action in its entirety. On December 28, 2022, the board's motion was allowed, and the judgment of dismissal entered on January 6, 2023. The plaintiffs then filed an amended and restated notice of appeal on January 30, 2023.

2. Discussion. Our review of an allowance of a motion for summary judgment is de novo. Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 272 (2020). We must view the record evidence, and all reasonable inferences that can be drawn therefrom, in the light most favorable to the nonmoving party,

5

here the plaintiffs.  Id.  Summary judgment is appropriate only where, viewing the record in that light, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  In the context of a zoning case decided at summary judgment, the judge "does not engage in fact finding," so "we do not give deference to the judge's decision." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012), citing Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 (2010).

This case involves the question whether the plaintiffs have standing to challenge the board's decision to grant a variance to Cable Matters.  General Laws c. 40A, § 17, allows "[a]ny person aggrieved by a decision of the board of appeals" to appeal that decision by filing a complaint for judicial review. For a plaintiff to be considered a "person aggrieved," and thus have standing, that person must "suffer[] some infringement of his legal rights."  Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996).  "The right or interest asserted by a plaintiff claiming aggrievement must be one that G. L. c. 40A is intended to protect."  Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 120 (2011).  Additionally, the plaintiff's injury "must be more than speculative."

6

Marashlian, supra, citing Tsagronis v. Board of Appeals of Wareham, 415 Mass. 329, 335 (1993) (Abrams, J., dissenting).

An abutter to the property is entitled to "a rebuttable presumption that [he is a] 'person[] aggrieved.'" Marashlian, 421 Mass. at 721. That presumption may be rebutted if "a defendant challenges the plaintiff's status as an aggrieved person and offers evidence supporting his or her challenge." Watros v. Greater Lynn Mental Health & Retardation Ass'n, 421 Mass. 106, 111 (1995). Once the presumption has been rebutted, "the burden rests with the plaintiff to prove standing, which requires that the plaintiff 'establish -- by direct facts and not by speculative personal opinion -- that his injury is special and different from the concerns of the rest of the community.'" Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006), quoting Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 132 (1992).

In this case, the plaintiffs are abutters, as their residence is located directly across the street from the parcels on which Cable Matters intends to build. However, the Superior Court judge concluded that Cable Matters had rebutted the presumption that the plaintiffs were "aggrieved" under the zoning act. With regard to the plaintiffs' allegation that construction of the warehouse and office space would cause excessive noise, the judge questioned whether that temporary

7

noise was an interest protected by the zoning act or the bylaws, and found that even if it were, Cable Matters had rebutted the presumption by showing that the plaintiffs had no reasonable expectation of proving a cognizable harm. The plaintiffs also asserted standing based on excessive noise, fumes, and odors from the warehouse's post-construction operations, especially from the delivery trucks. The trial judge concluded that excessive noise and offensive odors were interests protected by zoning act and the town bylaws, citing town zoning bylaw § 7-05-010(G)(2) ("In all zoning districts, no use shall be permitted which would be offensive because of injurious or noxious noise, vibration, smoke, gas, fumes, odors, dust, debris, glare, radiation, or electrical interference, or other objectionable features, or be hazardous to the town due to fire or explosions or the creation of traffic hazards, or any other cause"). The judge found that Cable Matters had rebutted the presumption by showing that any harm caused by noise, vibration, or concussion, or by offensive odors from Cable Matters's trucks would be de minimis, considering the relatively small number of trucks expected to be used and the amount of noise and fumes already present in the neighborhood.[5] After finding that the presumption

_____

[5] The judge also considered the plaintiffs' arguments regarding unnatural light from Cable Matters's operation and loss of open space, but held that neither was a protected interest under the zoning act or the bylaws and thus could not

8

had been rebutted, the judge found that the plaintiffs had not carried their burden to show that they had standing, as they had not demonstrated that they would be harmed in a way that was different from the rest of the community, and had merely speculated about the harm that would be caused, rather than providing specific factual support.[6]

We conclude that the judge erred in considering only Cable Matters's proposed use of the warehouse when determining that Cable Matters had rebutted the presumption that the plaintiffs

_____

support standing. We do not disturb the judge's conclusions with regard to these two arguments for standing.

[6] The defendants argue that the plaintiffs have no standing because the interests that the judge concluded were protected by the town bylaws were not interests protected by the GPOD bylaw. They cite Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209 (2020), in which an abutter claimed that his interest in neighborhood density was infringed by a neighbor's violation of the town's dimensional lot width requirement. The Supreme Judicial Court determined, among other things, that the violated requirement did not protect the interest in density; rather, density was addressed by the lot size and setback requirements of the zoning bylaw, with both of which the proposed construction complied. Id. at 214.

Here, the motion judge construed the requirement of town zoning bylaw § 7-05-010(G)(2), quoted in the text, supra, to be applicable to decisions to grant a variance from the GPOD. That bylaw states that it is applicable to "all zoning districts," of which the industrial district, in which the proposed warehouse will be built, is one. See also G. L. c. 40A, § 10 (variance may be granted only where "relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of [the applicable zoning] ordinance or by-law"). "The traditional canons of statutory construction apply to zoning bylaws." Doherty v. Planning Bd. of Scituate, 467 Mass. 560, 567 (2014). We see no error in the judge's construction.

9

were aggrieved.  In determining that the noise and odors would be de minimis, the judge repeatedly emphasized Cable Matters's assertions that it would "create minimal truck traffic," repeating its claims that such traffic would consist of only "one tractor trailer every two or three months and three UPS or U.S. Postal Service vans per day, all during weekday business hours."

Rather than solely consider this unusually light use of such an enormous warehouse, the judge should have considered the uses to which an ordinary 20,000 square foot warehouse is put, which of course this proposed warehouse one day may be.  See Allegaert v. Harbor View Hotel Owner LLC, 100 Mass. App. Ct. 483, 490 (2021) (special permit allowing construction of new bar "implicitly allowed" its ordinary use, "service of food and beverages").  In its motion for summary judgment, Cable Matters did not submit sufficient evidence about ordinary warehouse usage, and what impact that would have on the plaintiffs, to rebut the presumption that the plaintiffs were "aggrieved."

3. Conclusion.  The judgment is vacated, and the matter is

remanded to the Superior Court for further proceedings consistent with this memorandum and order.

<u>So ordered</u>.

By the Court (Rubin, Ditkoff & Grant, JJ.[7]),

Clerk

Entered:  September 25, 2024.

---

[7] The panelists are listed in order of seniority.