NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1113

LUCY H. NESBEDA

vs.

HANNAH TUCKER CLARK MOORE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Lucy Nesbeda (Lucy), brought this action in the Superior Court against the trust of her late mother, the Mary H. Clark 1987 Trust (trust), and its surviving cotrustees and other beneficiaries.  Lucy claimed a breach of fiduciary duty by the cotrustees, her siblings Hannah Tucker Clark Moore (Hannah) and Stephen Clark (Stephen), and sought declaratory and equitable relief under Florida law, including an accounting.

Under G. L. c. 203E, § 201, which is part of the Uniform Trust Code, a Massachusetts court "may intervene in the administration of a trust to the extent its jurisdiction is

---

[1] Caroline C. Kressly, Helen C. Tupper, JoAnn Watson, Mary H. Clark 1987 Trust, Stephen H. Clark, William Van Allen Clark, III.

invoked by an interested person or as provided by law."  G. L. c. 203E, § 201 (a).  See G. L. c. 203E, § 201 (c) ("A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights").  The code further provides, however, that:

> "The court shall not over the objection of a party, entertain proceedings under section 201 involving a trust registered or having its principal place of administration in another state, unless:  (1) all appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration; or (2) the interests of justice otherwise would seriously be impaired."

G. L. c. 203E, § 203.

Hannah moved to dismiss the action for lack of subject matter jurisdiction under Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), on the ground that the trust has its principal place of administration in Florida.  The remaining defendants joined in Hannah's motion to dismiss.  A judge allowed the defendants' motion, and Lucy appeals from the resulting judgment.  We affirm.

Background.  In 1987, Mary H. Clark (Mary) moved from Massachusetts to Florida, where she established the trust.  As donor, Mary reserved the right to revoke or amend the trust, including by withdrawing or assigning its assets, at any time. At the outset, Mary, Stephen, and Peter Nesbeda (Peter), Lucy's

2

spouse at the time, were cotrustees.  The 1987 trust agreement stated that it would be "construed, governed and administered in accordance with Massachusetts law."

Mary served as trustee of the trust from 1987 until she died in 2021.  In Florida, Mary actively managed the trust's assets, regularly scheduled quarterly and annual meetings to discuss her investments with the cotrustees, and also consulted with investment advisors.  In 2011, Peter and Lucy divorced, Peter resigned as trustee, and Hannah took his place.

In 2016, Mary amended and restated the trust in its entirety.  She retained considerable control over the trust, reserving to herself personally the rights to amend or revoke the trust, remove and replace trustees, withdraw assets, change investments, and direct the trustees to make distributions during her lifetime.  The restated trust removed the earlier reference to Massachusetts law and instead provided:

> "All matters involving the validity and interpretation of this Trust are to be governed by Florida law.  Subject to the provisions of this Trust, all matters involving the administration of a trust are to be governed by the laws of the jurisdiction in which the trust has its principal place of administration."

The restated trust repeatedly referred to Florida law, providing, for example, that any revocation of the trust had to be "executed with the formalities of a Will in Florida"; the trustees' accountings to qualified beneficiaries were controlled

3

by Florida law; the trustees' knowledge of certain facts would be "determined as provided" by Florida law; and, in the event that Mary left no decedents, the residuary trust estate would be distributed to her heirs "under Florida law." Like the 1987 trust agreement, the restated trust did not expressly designate a principal place of administration.

Mary died in 2021. Her death terminated the trust, and the trustees distributed the residue of the trust's assets equally to the seven beneficiaries: Lucy, Hannah, Stephen, three other children of Mary, and a family friend.

Discussion. "We review de novo the allowance of a motion to dismiss for lack of subject matter jurisdiction under rule 12 (b) (1)." Allegaert v. Harbor View Hotel Owner LLC, 100 Mass. App. Ct. 483, 486 (2021), quoting 311 West Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016).

Where a party's challenge is supported by affidavits or other matters outside the record, the burden falls to the non-moving party to prove jurisdictional facts. Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 710-711 (2004), overruled on other grounds by Temple Emanuel of Newton v. Massachusetts Comm'n Against Discrimination, 463 Mass. 472, 478 (2012). See Ginther v. Commissioner of Ins., 427 Mass. 319, 322 n.6 (1998). Under such a factual challenge, "the plaintiff's jurisdictional averments [in the complaint] are

4

entitled to no presumptive weight [and] the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties."  Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 515-516 (2002), quoting Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

Because, as discussed, Massachusetts courts generally lack jurisdiction to entertain proceedings involving a trust's administration if the "principal place of administration" of the trust is "in another state," G. L. c. 203E, § 203, we must determine the principal place of administration of Mary's trust. Lucy contends that the principal place of administration of the trust is Massachusetts; the defendants contend that it is Florida.

The restated trust provides that it shall be interpreted in accordance with Florida law.[2]  Accordingly, we apply Florida law in determining the principal place of administration of the trust.  Under  Florida law, if a trust instrument does not designate its principal place of administration:

---

[2] Although Lucy wrote in her reply brief that the trust "is governed by Florida law," at oral argument she argued that the trust is governed by Massachusetts law because that is what the 1987 trust agreement provided.  When a trust instrument authorizes a change in the trust's administrative governing law, however, "the law governing the administration of the trust thereafter is the local law of the other state and not the local law of the state of original administration."  Restatement (Second) of Conflict of Laws § 272 comment e (1971).

5

"[T]he principal place of administration of a trust is the trustee's usual place of business where the records pertaining to the trust are kept or, if the trustee has no place of business, the trustee's residence. In the case of cotrustees, the principal place of administration is:

   (a)   The usual place of business of the corporate trustee, if there is only one corporate trustee;

   (b)   The usual place of business or residence of the individual trustee who is a professional fiduciary, if there is only one such person and no corporate cotrustee; or otherwise

   (c)   The usual place of business or residence of any of the cotrustees as agreed on by the cotrustees."

Fla. Stat. § 736.108(2).

Here, Mary served as a trustee of the trust until her death in 2021. If she had been sole trustee, determining her "usual place of business" would have been straightforward. Mary established the trust after she moved to Florida in 1987 and resided there until her death. She regularly held meetings concerning the trust in Florida. All trust expenses were paid from Florida. Much of the trust's assets consisted of Florida real estate. All of Mary's estate planning involving the trust was done in Florida. Her residence was, in effect, the trust's "place of business." Fla. Stat. § 736.108(2).

Lucy did not offer any evidence disputing these facts. See Callahan, 441 Mass. at 710-711. Instead, she contends that the affidavit submitted by Hannah and setting forth jurisdictional facts in support of the defendants' motion to dismiss is a

6

"sham" because, in 2014, Hannah, Stephen, and Mary filed a different affidavit in the Sarasota Circuit Court in Florida verifying a true and correct copy of the 1987 trust agreement. There is no contradiction between the two affidavits, however, much less anything that can be reasonably be characterized as a sham. Lucy contends that the 2014 affidavit shows that "the choice of law provision of the Trust was to be interpreted under Massachusetts law," but that provision in the 1987 trust agreement was eliminated when Mary amended and restated the trust in 2016. Lucy also contends that the 2014 affidavit shows that "the situs of the Trust" or "designated place of trust administration" was Massachusetts, but nothing in the 2014 affidavit, the 1987 trust agreement, or anything else in the record identifies Massachusetts as the principal place of administration.[3]

The analysis under Florida law is complicated by the fact that Mary was not the only trustee. Even though she was the trust's donor and, particularly after the trust was restated in 2016, reserved critical rights to herself, Mary did have

---

[3] Although Lucy alleged in her complaint that the mailing address of the trust was in Massachusetts, and now argues based on that allegation that the trust records are "presumably" maintained there, the 1987 trust agreement does not refer to such an address and instead identifies the donor as "Mary H. Clark of Englewood, Florida." The restated trust does not list a Massachusetts address either.

7

cotrustees.  The first two conditions listed for "the case of cotrustees" under Fla. Stat. § 736.108(2) do not apply, since none of the trust's cotrustees was a corporate trustee or professional fiduciary.  Accordingly, the principal place of administration is "[t]he usual place of business or residence of any of the cotrustees as agreed on by the cotrustees."  Fla. Stat. § 736.108(2)(c).  In light of the undisputed facts as to where the business of the trust was conducted, as well as the unified position of Hannah and Stephen in this litigation, we conclude that, under Florida law, the principal place of the trust's administration was Florida.

Even if we were to apply Massachusetts law to determine the trust's principal place of administration, the result would be the same.  In Massachusetts, "[i]f the trust document does not explicitly designate a place of administration, the settlor's intent 'may appear from the language that [s]he uses as interpreted in the light of all the circumstances'" (citation omitted).  Walton v. Harris, 38 Mass. App. Ct. 252, 254 (1995). Cf. G. L. c. 203E, § 108 (a) (addressing when "terms of a trust designating the principal place of administration shall be valid and controlling," but not when trust does not designate such place).  In determining the settlor's intent, a Massachusetts court may consider such factors as "the settlor's domicil at the time the trust was created, the situs of the trust property at

8

that time, the place of the execution of the trust instrument, the purposes of the trust, as well as any other factors that may help in the determination."  Walton, supra at 255-256.  For the reasons discussed, and as the judge found in her decision, all the relevant circumstances demonstrate that Mary intended Florida to be the principal place of administration of the trust.

In the absence of any showing by Lucy that all parties cannot be bound by litigation in the courts of Florida, or that the interests of justice otherwise would be impaired by litigation there, the judge correctly ruled that the Superior

Court lacks jurisdiction to hear and decide this action.  See

G. L. c. 203E, § 203.

Judgment affirmed.

By the Court (Walsh, Toone &
  Tan, JJ.[4]),

Clerk

Entered:  January 28, 2026.

---

[4] The panelists are listed in order of seniority.